SPANN v. BOYD.

1. In appeals from justices, technical nicety and formal declarations are not required.
2. An omission to state the term of the Court in the title of the declaration, is not fatal on general demurrer.
3. By the statute, justices of the peace have jurisdiction of all demands in form *ex contractu*; therefore they have jurisdiction for the recovery of the value of specific articles bailed, and not re-delivered according to promise.
4. Where there are good and bad counts in a declaration, on general demurrer to the whole, judgment must be given for the plaintiff.

SPANN recovered a judgment before a justice of the peace of Marengo county, against Boyd.   Boyd, by certiorari, removed the cause into the Circuit Court, and

there, the plaintiff filed his statement of the cause of action, or declaration, in two counts. The first count alleged, that in consideration that the plaintiff had delivered to the defendant certain goods and chattels, of the value of $49, to be taken care of by the defendant for the plaintiff, the defendant undertook to take care of the goods for the plaintiff, and to deliver them to him whenever thereunto requested, &c.; that the plaintiff demanded the goods, and that the defendant did not deliver them, but on the contrary, that he had so negligently conducted himself respecting them, that they were wholly lost to the plaintiff. The second count was for goods sold and delivered, money had and received, laid out and expended, and an account stated in the usual form. The declaration was not entitled as of any particular term of the Court. The defendant filed a general demurrer to the whole declaration, which the Court sustained, and at May term, 1828, gave judgment for the defendant.

BARTON & STEWART, for the plaintiff. The demurrer should have been overruled; because both counts were good. The first was on a special bailment, and *express* promise to re-deliver, therefore on contract. Besides, a party may waive tort and bring assumpsit. The statute *a* authorizes an action before a justice, for specific articles. But if the first count was not good, the second one clearly was. It is a copy of the mixed count to be found in Chitty's forms; and where there are several counts, and one is good, the defendant should demur to the bad ones only; if he demurs generally, the demurrer must be overruled.*b* It should be overruled also, because there was a good cause of action in the declaration, and in appeals from justices courts, technical strictness is not required.*c* The omission to fill the blank in the declaration as to the term of the Court, would not be error. It clearly appears from the record that the declaration was filed after the appeal came up, and before judgment rendered on it; in appeals, this is sufficient, at all events it was only a matter of special demurrer.*d*

*a* Laws of Ala. 510.

*b* Tidd's Pr. 647. 1 Saun. 286. 2 Saun. 380. 1 Wilson, 248. 4 Bos. & Pul. 43. 6 East. 833. 3 Caines Rep. 89, 263. 1 Henn. and Munf. 361.

*c* Stat. of 1825. Laws of Ala, 189, 511.

*d* Laws of Ala. 511.

CHAPMAN, contra. We admit that to sustain the demurrer, we must shew defects going to the whole declaration, and not to one count merely. But there are objections going to the whole. The title of the term is not set out; this is fatal on general demurrer.*e* Again, this case

*e* 1 Chitt. Pl. 267.

JANUARY 1830.

Spann
v.
Boyd.

*a* 1 Chitt. Pl. 325.
*b* 2 Saun. 210. 1 Chitt. Pl. 197.

*c* 1 Chitt. Pl. 157.

was brought from a justices Court. The statute does not give to justices jurisdiction of such a cause of action as is stated in the first count; therefore the demurrer was proper. If the plaintiff demands two things or more, and from his own shewing, there is a better writ for one of them, the whole writ shall abate.*a* Formerly it was necessary to plead such a defence in abatement, but now, if the objection appear in the declaration, the defendant may demur.*b* Here the objection does appear on the face of the proceedings. The declaration is also bad for a misjoinder of counts. Besides the objection, that the justice could have no jurisdiction of the subject matter of the first count, the counts are for separate and distinct demands, which could not, in any event, be joined; and as this appears on the record, it is demurrable.*c*

By JUDGE PERRY. The practice has never required formal declarations in cases originating before justices of the peace; a mere statement of the grounds of action has always been held sufficient, under the statute regulating the manner of making issues in the County and Circuit Courts, preparatory to the trial of cases of appeal, and certiorari. Technical niceties have been avoided, and held unnecessary. The omission to state the term of the Court in the title of the declaration, was no cause of general demurrer. It is however contended in support of the demurrer, that there is a misjoinder of counts, inasmuch as the first count describes a cause of action not cognizable before a justice of the peace. The chief difficulty, therefore, arises in applying the cause of action, as stated in the first count of the plaintiff's declaration, to the act of the Legislature defining the jurisdiction of justices of the peace. The act prescribes " that all debts and demands not exceeding fifty dollars, for a sum or balance due on any specialty, note, bond, cotton receipt, contract or agreement in writing, or for goods, wares and merchandise sold and delivered, or for work, or labor done, or for money lent, or for specific articles, or for any sum or balance due, either by written or verbal contract, or assumpsit, in any case not sounding in damages merely," are declared to be exclusively cognizable and determinable by a justice of the quorum, or of the peace.

From the provisions of the foregoing act, it seems to have been the intention of its makers to exclude from the jurisdiction of justices of the peace, all actions which are in form *ex delicto*; because in that form of action, damages are recovered for the tort or injury to the person, un-

connected with contract.   The inquiry, therefore is pre- JANUARY 1830.
sented, whether the count in question is in form *ex*
*contractu*, or *ex delicto*?   By a reference to 2 Chitty's    Spann
Pleadings, *a* it will be found that the precedent there giv-    Boyd.
en in assumpsit against bailees, corresponds with the one
now in question in most of its parts; consequently it has  *a* 2 Chitt. Pl.
the character of a count in assumpsit against a bailee, found-    page 104.
ed upon contract, the breach of which constituted the in-
jury to the plaintiff, and the extent of which is to be ascer-
tained by the justice of the peace, by fixing the value on
the specific articles which the bailee failed to deliver, or
which were damaged, or destroyed by his negligence.
The count, however, is bad, in not specifying the articles
which were delivered to the bailee, if I may so call the de-
fendant, and which were to be re-delivered to the plain-
tiff; conceding therefore, that the first count is bad, and
would have been so considered on general demurrer; yet
the demurrer should not have been sustained, there being
no misjoinder of counts, all being upon contract, and all
good, except the first; for it is a well settled rule, that if
there be several counts in a declaration, some of which
are sufficient, and others not, the defendant should only
demur to the bad counts; and if he demur to the whole
declaration, the judgment must be against him. *b*    *b* 1 Chitt. Pl.
   It is the opinion of the Court, that the judgment given    643.
below ought to be reversed, and the cause remanded.   This
decision, however, is expressed as being that of the Court,
only on the question of misjoinder, and the reversal is pre-
dicated on that point alone.   The remainder of this opin-
ion contains my own views, and those of Judge Crenshaw
on the facts presented by the record.
                             Reversed and remanded.
JUDGE SAFFOLD not sitting.