# REPORTS

OF

## CASES ARGUED AND DETERMINED,

JANUARY TERM, 1844.

---

### POWERS v. DAVID.

1. When the complaint in a suit of forcible entry, and detainer bears a date nearly two years subsequent to the time of the trial, it will be considered as a clerical error, and therefore unavailable.
2. A defendant will not be permitted, in an appellate court, to raise a question of jurisdiction, by showing a fact, by affidavits, when the same matter is not disclosed by the record.
3. It is not a material error, that the record, in a suit of forcible entry and detainer, does not shew whether an issue was formed by the parties, or the plea of not guilty entered by the court.
4. If there is a general verdict that the defendant is guilty of an unlawful detainer, and the judgment is "according to the verdict, both will be referred to the complaint, which, if sufficient in the description of the lands, and of the offence, will sustain the judgment.

WRIT of Error to the Circuit Court of Mobile county.

2

THIS is an action for a forcible entry and unlawful detainer, instituted by David against Mrs. Powers, before a justice of the peace of Mobile county. After verdict and judgment against the defendant, she removed the cause into the circuit court, by *certiorari*, and there assigned as error:

1. That the proceedings were instituted without a written complaint, as required by the statute.

2. That the *venire* was not returnable at any place.

3. That the summons was not returnable at any place.

4. That the court was held at a place not within the jurisdiction of the justice, *to wit*, within the walls of Fort Stoddart, which is a place within the exclusive jurisdiction of the United States.

5. That there was no issue, as required by the statute.

6. There was no judgment rendered by the justice.

The circuit court affirmed the judgment of the justice of the peace; and on this judgment of affirmance, the defendant prosecutes her writ of error, and by the assignments of error here, opens the whole case.

The second and third assignments were abandoned in this court, and so much of the record as is necessary to the understanding of the other questions raised, will be stated.

In the record sent up by the justice of the peace, is found a complaint, which purports to be signed by the plaintiff, but is dated 10th October, 1842. The summons and *venire* were both dated 12th October, 1840, and the trial was had the 24th of the same month.

The judgment entry recites, that the court being opened, it proceeded to call the jury, of which three were absent, and others were called in their stead. The jury was then sworn; the complaint read to them, and the complainant called on to support it. Then follows a recital of the evidence given by the plaintiff's witnesses; after which, the record states the examination of the witnesses closed, and the jury, after a short deliberation, presented the following verdict. " We, the jury, find the defendant, Solomon Powers, guilty of unlawful detainer:" and this judgment was then entered. "Judgment given according to the verdict of the jury."

In aid of the 4th assignment of error, the counsel offered to read an affidavit by one of the jurors, that the trial was had within the walls of the Arsenal in Mobile county, which includes 15

Powers v. David.

or 20 acres of land, and is in part occupied by soldiers of the United States army, and is also a place where recruits are enlisted.    This affidavit was rejected.

J. F. ADAMS, for the plaintiff in error.
CAMPBELL, *contra*, was stopped by the court.

GOLDTHWAITE, J.—1. The first assignment of error is not sustained, in point of fact, by the record, as there is a complaint in writing sent up by the magistrate.    It is true, this complaint bears a date nearly two years subsequent to the other proceedings, but this does not authorise the inference that it has been interpolated.    On the contrary, the presumption is strong that the date is a mere clerical error, and such we feel constrained to consider it.    The consequence is, that this assignment is unavailable.

2. Next in order, as the second and third assignments have been abandoned, is the fourth; and this also cannot be considered for the same reason that the record does not show the fact upon which the error is supposed to arise.    Waiving any consideration of the question, it is certain that no part of the record shows that the trial was had at the place asserted by the assignment, or indeed at any other place liable to exception.    It is not competent for a party in an appellate court, to present a fact by affidavit which the record does not disclose.    There was then no error in refusing to consider the affidavit, and without it, the question of jurisdiction no where appears.

3. It is next asserted, there was no issue, and its absence is insisted on as a fatal defect.    This would not be the consequence even if the parties had both appeared, for the course of practice is to presume its existence when the parties have gone to the jury.    But the statute which governs these proceedings expressly directs the justice of the peace, when the defendant does not appear, or appearing, does not plead, to proceed in the same manner as if he had pleaded not guilty.    [Clay's Dig. 252, § 10.]    The inference that the defendant did not appear, is very strong, and the proceedings seem to be quite regular if such was the fact, and not defective in this respect if it was otherwise.

4. It is true there is no formal judgment in this case, nor are we aware that it is usual to render one in these proceedings any

more than in other suits before courts of this description. The statute makes it the duty of the justice of the peace to record the verdict and give judgment thereon with costs. [Clay's Dig. 252 § 13.] To expect technical precision and adherence to form in this class of our courts, would not only end in disappointment but would also very frequently work great injustice to suitors by causing reversals of judgments for reasons not affecting the justice of the conclusions arrived at. The verdict in this case, is general and must be applied to the complaint before the jury, for no inference is admissible that the unlawful detainer found by them, referred to any other lands, or any other offences than those described in the complaint; and as by reference to that, the lands and the offence can be ascertained with precision, the judgment must be considered formal, as it can be made correct. This construction is in accordance with a practice now well established and sustained by numerous decisions. [Spann v. Boyd, 2 Stew. 480: Wyatt v. Judge, 7 Porter, 37.]

We are satisfied there is no error in the case to which our attention is directed by the assignments, sufficient to reverse the judgment. Judgment affirmed.