## HUCKABEE v. ALBRITTON.

1. When a fraud is practised in the sale of a slave, this is a good defence to an action on a note for the price, although the purchaser accepted a warranty from the seller not covering the particular defect complained of.

2. When the seller of a slave asserts to the purchaser that he is as sound as any slave, and a week after the sale the slave is found to be diseased of a disease apparently of long standing, these are facts which warrant the inference of fraud, and therefore it is not erroneous to exclude them from the jury, although a warranty was accepted not covering this disease, and the slave afterwards died of another.

3. A promise to pay after the discovery of the fraud of the plaintiff does not preclude the defence. It is only as evidence to show that no fraud in fact was committed, that such evidence is admissible.

4. To let in the defence of fraud when a warranty has been accepted, it is only necessary to show a fraud in fact, and not a fraud or mistake in the execution of the bill of sale containing the warranty.

Writ of Error to the Circuit Court of Pickens.

Assumpsit by Huckabee, as the administrator of one Foster, against Albritton, as the maker of a promissory note.

At the trial it was proved the note was given for the price of a slave sold by Foster to the defendant, and for which a written bill of sale was given, containing a warranty of the title, but no warranty of the soundness. About a week after the purchase it was discovered the slave was greatly diseased in one leg, and the disease appeared to be of long standing. At the same time it was also discovered, the slave had a violent diarrhœa, of which latter disease the slave died, about three months after the purchase. The defendant further proved, the slave was of no value to him in consequence of this disease. Also, that after the contract was entered into, but previous to the delivery, Foster, in reply to a question from the defendant, said the slave was as sound as any man, except being an old man, he would sometimes grunt a little.

83

After showing the nature of the bill of sale, the plaintiff moved the court to exclude from the jury the entire evidence in relation to the unsoundness of the slave, but the court refused so to exclude it.

The plaintiff then proved, that more than twelve months after the death of the slave, the note was presented to the defendant for payment, and he then made no objection to paying it, but said he did not then have the money, and if the plaintiff would wait with him until he could sell his growing crop of cotton, he would pay the note.

The court charged the jury, that if they believed Foster knew the slave was unsound, at the time when sold, and the unsoundness was not visible to common observers, then the mere omission to declare the unsoundness, without using any means to conceal it, would of itself, be a fraud which would authorize them to find for the defendant.

The plaintiff then asked the court to charge the jury, that if the defendant accepted a bill of sale with warranty of the title, but without warranty of soundness or other quality of the slave, then they must find for the plaintiff, unless they believe there was a mistake or fraud committed in the execution of the bill of sale.

This was refused and the plaintiff excepted to the several rulings of the court—all of which he now assigns as error.

H. STITH, for the plaintiff in error, insisted—

1. The charge of the court is unwarranted by the evidence, because there is nothing disclosed from which the inference can be drawn, that the plaintiff knew the slave was unsound when it was sold by him.

2. The promise to pay, after a full knowledge of the circumstances of the unsoundness, is a waiver of the defence for the fraud, if any was practised, and he will not afterwards be permitted to alledge it. [McGowan v. Garrard, 2 Stew. 480; Langdon v. Roane, 6 Ala. Rep. 518.]

3. It was necessary to show fraud in the execution of the bill of sale, otherwise the party has no remedy except in the contract then set out. [Wren v. Wardlow, Minor, 363.] A warranty *expressed* is the exclusion of all other warranties.

L. CLARK, for the defendant in error, insisted, that the fact of a warranty being given at the sale of a chattel, does not prevent the purchaser from showing that a deceit has been practised, or from suing for the fraud. [Cowen & Hill's Notes, 1475; Mumford v. McPherson, 1 Johns. Rep. 414; Wilson v. Marsh, Ib. 503.]

GOLDTHWAITE, J.—1. The principal question here is, whether the defendant can maintain his defence for a fraud practised in the sale of the slave, when it is shown he accepted a warranty to a certain extent only, and not covering the particular defect from which the injury arises. Since the decision of Cozzens v. Whittaker, 3 S. & Porter, 322, this can scarcely be considered, with us, as an open question, as it was there held, an action on the case was sustainable for the deceit, in falsely representing the qualities of the slave, although the defendant was bound by an express warranty, in respect to the title and soundness. That decision is sustained by numerous adjudications elsewhere, and we are satisfied it rests on principles which cannot be shaken. [See also, Cowen & Hill's Notes, 1475, and cases there cited.]

2. It is said however, the charge of the court was not warranted, inasmuch as the evidence before the jury, did not show, or tend to show, the plaintiff knew the slave to be unsound at the time of sale. It must be conceded the proof in this particular was not so satisfactory or full as to render it certain a fraud was practised, but we cannot say it is so entirely insufficient as to raise no presumption of knowledge in the seller. It is scarcely possible one could own a diseased slave long enough to acquire a knowledge of his habits of complaining, without ascertaining the fact of disease, and in this view, if no other, the evidence was proper to go to the jury. If the fact of knowledge was controverted, it would have been the proper course for the party to have requested a particular charge that this was essential, to enable the defendant to resist the payment for the slave on the ground of fraud. No such instructions were asked, and we are unable to discover any error in the charge which was given.

3. The same general observations apply themselves to that

portion of the argument which insists the defendant was not entitled to a verdict on the ground that the fraud, if any, was waived by the subsequent promise to pay the note, when all the facts were known to the party. However strong such circumstances may be to induce the conclusion that no fraud was practised, it is only in that view that the admission is available to the other party. The rule upon this subject, as recognized by the decisions of this court in McGowan v. Garrard, 2 Stew. 480, and Langdon v. Roane, 6 Ala. 518, is, that a party will not be permitted to alledge fraud, when he has given the particular security, with a full knowledge of all the circumstances from which the fraud is afterwards inferred. We are not aware that a new promise to pay a note, obtained by fraudulent representations, will have the effect to prevent the party from afterwards insisting on the fraud as a defence, especially when the promise has led to no action by the opposite party. [Clements v. Loggins, 2 Ala. R. 514.]

4. The charge requested by the plaintiff, in our judgment, was properly refused. The circumstance that the purchaser was willing to purchase the slave without a warranty of soundness, may have been induced by the false representations of the seller, or by his fraudulent concealment of known defects. In either event, it is no answer to the fraud, to say that the party consented to receive a bill of sale without warranty. The bill of sale may be precisely as the parties intended it to be, without the pretence of mistake or fraud in its execution, yet if the purchaser was induced to enter into the contract evidenced by it, through the fraud of the seller, it offers no impediment to a recovery. [Cowen & Hill's Notes, 1485, and cases there cited.

On the whole, there is no available error in the record.

Judgment affirmed,