PAUL, *in error, versus* HUSSEY.

In a process to reverse a judgment, nothing can be assigned for error, which contradicts the record; nor can any evidence, even the deposition of the justice before whom the judgment was recovered, be received to discredit it.

Papers and documents, used and filed in a case, if not incorporated into the record, constitute no part of it.

The allegations of a justice's record, in matters within his jurisdiction, are entitled to the same credit, as are allegations contained in the records of the higher tribunals.

WRIT OF ERROR to reverse a judgment recovered by Hussey against Paul, before a justice of the peace, at Belfast, on March 1, 1851.

The error assigned was, *that* the writ in that action was made returnable and was entered on the 18th of January, 1851, at ten o'clock in the forenoon, when the parties appeared, and the action was continued two weeks, being to the first day of February; *that*, at the time fixed by the adjournment, the plaintiff in error appeared, but the justice was not present, nor in town during any part of the day, having left Belfast previous to the first day of February, and not having returned until the following week; yet the justice, after his return, and subsequently to the first day of February, entered in his docket a further continuance of four weeks, which was to the first day of March then next, on which day the plaintiff in error was defaulted, and the judgment complained of was entered.

The pleadings were as follows: —

"And now said Hussey, not waiving any objections to want of regularity and form in the proceedings of said Paul in this process, says that by reason of any thing by the said Paul above for error assigned, the judgment aforesaid ought not to be reversed or annulled, because he says, that the continuance of the action aforesaid, in which judgment was rendered as aforesaid, was made and entered at the request of the said Paul, the said defendant assenting thereto, all which was well known to said Paul, and that he had ample opportunity to be heard on the trial of said cause at the time when judgment

was rendered against him, but that he neglected so to do. And this he is ready to verify ; wherefore he prays judgment, and that the judgment aforesaid may be affirmed and stand and remain in full force, vigor and effect.

"By *Wm. G. Crosby*, his attorney."

" And the said Paul, protesting against the above plea or replication of the defendant in error, as irregular and informal, as before says, that the continuance of the action aforesaid, on which judgment was rendered as aforesaid, was not made and entered at the request of said Paul, the defendant assenting thereto ; nor was the same known to said Paul, nor had he, said Paul, any opportunity to be heard in the trial of said cause at the time when judgment was rendered against him, as defendant above has alleged ; but that said justice, who rendered judgment, as aforesaid, was absent during the whole day of the first of February, to which time said action had been before continued, and did not return till the week following, by which said action was lost or discontinued, in manner and form as the plaintiff in error has alleged, and this the said Paul prays may be inquired of by the Court.

" By *Jos. Williamson*, his attorney."

The copy of the judgment set forth that the action was entered before the justice " on the 18th day of January, 1851, and continued or adjourned two weeks, being to the first day of February then next following, and continued or adjourned again by request in writing by the defendant's counsel on file, as by copy annexed, from that time a further time of four weeks, being to the first day of March then next following, and now the plaintiff appears ; but the defendant although solemnly called, doth not appear, but makes default.

" It is therefore considered by me, said justice, that the plaintiff recover against the said defendant," &c.

The plaintiff in error offered the deposition of the justice, for the alleged purpose of showing that he was not in Belfast on the first day of February, and that he did not receive the written request for the second continuance, until the 3d of February, &c.

The case was then submitted to the Court for a decision "according to the law and the evidence before them."

*Williamson*, for the plaintiff in error.

*W. G. Crosby*, for the defendant in error.

RICE, J. — Objection is taken by counsel for the defendant, to the preliminary proceedings in this case, there being no writ of error, and no duly authenticated copy of a record of the judgment sought to be reversed.

By c. 269, of stat. 1852, those preliminary proceedings in error have been dispensed with. That Act, however, by its terms, applies only to cases commenced after its passage, and cannot therefore affect the present case, which was commenced in Jan. 1851. It has been held that in proceedings in error there should be a strict observance of the rules of law. *Simpson* v. *Wilson*, 24 Maine, 437. The proceedings are therefore defective. But inasmuch as the defendant has pleaded to the merits of the case, he may be deemed to have waived his objections to those defects.

The paper in this case which purports to be a true copy of the record of the judgment, recites that the "action was commenced on the 7th day of January, now last past, (1851,) and entered before me, said justice, on the 18th day of same January, and continued or adjourned two weeks, being to the first day of February, then next following, and then continued or adjourned again by request in writing of defendant's counsel, on file, from that time a further time of four weeks, being to the first day of March, then next following."

The plaintiff in error contends that the original action was not continued the second time as recited in the record, but by reason of the absence of the justice, was discontinued.

Errors in fact may be assigned which are not disclosed by the record. But it is a settled rule of law that nothing can be assigned for error which contradicts the record. *King* v. *Robinson*, 33 Maine, 114; Com. Dig. Pl. B. 16.

When the record of a domestic judgment states, that the defendant appeared by attorney, testimony that the attorney

was not duly authorized cannot be received, for it would contradict the record. *King* v. *Robinson*, 33 Maine, 114. When a record recites that a court was held according to custom, it is against the record to say there is no such custom. *Whistler* v. *Lee*, Cro. Jac. 359.

It is contended by the plaintiff in error that the deposition of the justice should be deemed a part of his record, being his statement under oath, and when thus taken with the transcript of his record, or added to it, the error assigned would appear. But it is not competent for a party in an appellate court to present a fact by affidavit, which the record does not disclose. *Powers* v. *David*, 6 Ala. 9. Papers and documents filed in the case but not incorporated into the record constitute no part of it. *Valentine* v. *Norton*, 30 Maine, 194.

Though no presumption is to be made in favor of the jurisdiction of a justice of the peace, yet when the proceedings show that he has jurisdiction, the facts disclosed by his records within that jurisdiction are presumed to be correct, and entitled to the same credit as if contained in the records of other competent tribunals.

The plaintiff in this case, if he has suffered by the wrongful acts of the magistrate, has misconceived his remedy. The judgment must therefore be affirmed.

*Costs for defendant.*

SHEPLEY, C. J. and HOWARD and APPLETON, J. J., concurred.