## CALEB W. HUBBY v. ABNER STOKES.

Where there is fraud in fact, in the sale of a negro, it may be relied on to maintain an action, regardless of a warranty in the bill of sale.

A special warranty, of the soundness of a slave, to the extent of the warrantor's *knowledge and belief*, does not subject him to damages, though the negro be worthless, in the absence of proof of knowledge in the warrantor.

Although the court below give an erroneous charge to the jury, upon a point involved in the cause, this court will not reverse the judgment, if it *manifestly* appear, that the jury could not have been influenced, or misled, by it.

APPEAL from Bell. Tried below before the Hon. N. W. Battle.

This suit was instituted in the court below, by Stokes, against the appellant, Hubby, for a fraud in the sale of a negro girl.

The petition alleged the purchase, at the price of $400; that the defendant knowingly and falsely represented the negro girl to be sound and healthy, in body and mind, when in truth she was diseased, and unsound, in both of these particulars, and totally valueless. It charged that the diseased state of her body, of which she died in a few months, occasioned plaintiff to expend large sums of money for medicine, physicians' bills, &c.; and made the bill of sale, for the negro girl, a part of the petition. The bill of sale, in substance, was in the usual form, except its conclusion, which contained a special warranty, in these words: "Which girl I warrant sound in mind, and in good health, to the best of my knowledge."

The defendant put in the plea of not guilty, and upon this issue the cause was tried. There were many witnesses on the part of the plaintiff, the testimony of all of whom had a tendency to prove, in whole or in part, the imbecile and diseased state of the negro, both in body and mind, so as to render her totally valueless during the time, (which was some months,) that she was in the possession of the appellant, and at the time he sold her to Stokes, the appellee. By several, these facts were

proven positively. There was conflicting testimony given by two of defendant's witnesses, through whose hands the negro had passed, before she came into the possession of Stokes.

After the testimony closed, the judge charged the jury, "That "if they believed, from the evidence, that the defendant sold to "plaintiff, the girl, Sarah, for the sum of $400, and that the "same was a fair price for her, and that defendant warranted "said Sarah to be sound in mind, and in good health, to the best "of his knowledge; and that, if the jury further believed, that "the said Sarah was permanently diseased, or unsound, at the "time of the sale, and that defendant knew the fact, and plain-"tiff did not; they would find for the plaintiff, and the damages "might be exemplary or vindictive. On the contrary, if the "defendant had no knowledge of her disease, or unsoundness, at "the time of the sale, and if she was valueless to plaintiff, the "rule of damages was the purchase money, with legal interest "thereon from the date of the purchase. 2d. If the jury be-"lieve, from the evidence, that Sarah was sound, or free from "disease, at the time of the sale, they would find for the de-"fendant."

To these instructions the defendant excepted. There were a series of instructions asked for by defendant, all of which were refused; but as no notice is taken of them in the opinion of the court, they are omitted. The jury returned a verdict in favor of the plaintiff, for the sum of seven hundred and seventy-eight dollars and fifty cents, for which amount judgment was rendered in his favor; and the plaintiff entered a *remittitur* for the excess over six hundred and thirteen dollars, thereby reducing the judgment to the amount of the purchase money and interest. A motion by the defendant for a new trial being overruled, he gave notice of an appeal.

*M. D. Herring*, for appellant. The court erred in its charge to the jury. (McKinney v. Fort, 10 Tex. Rep. 220; Murphy v. Crain, 12 Id. 297; Scranton v. Lilly, 16 Id. 183.) The first part of the first charge, which refers to exemplary or vin-

dictive damages, being predicated on the presumption of fraud, which is at variance with the facts, is wrong. (Reid v. Reid, 11 Tex. Rep. 585; Wintz v. Morrison, 17 Id. 372.) At least, fraud is controverted. (Cobb v. Beall, 1 Tex. Rep. 342; Crozier v. Kirker, 4 Id. 252; Hardy v. De Leon, 5 Id. 211.) The second part of the first charge, submits the issue of the total worthlessness of the negro girl, which is not presented by the pleadings; the only issues being, breach of warranty, and fraudulent representations. (Love v. Wyatt, 19 Tex. Rep. 312; Norvell v. Oury, 13 Id. 31.) The jury, undoubtedly, did find upon this erroneous issue. (Hancock v. Horan, 15 Tex. Rep. 507; Yarborough v. Tate, 14 Id. 483.)

The court erred in refusing the charges prayed for by defendant. If the negro was unsound, that unsoundness was apparent, and visible to the appellee. (Story on Sales, § 354; Smith on Contracts, 355; Story on Contracts, § 830.)

The court erred in refusing a new trial, upon the facts of the case. (See statement of facts.)

WHEELER, Ch. J. It is unnecessary to remark upon the statements of the defendant's witnesses, who testified as to the health of the negro, when they owned her. It will suffice to say, that, in so far as it tended to show that the negro was sound, or in good health, at the time of the sale by the defendant to the plaintiff, it was contradicted by the testimony of so many witnesses, male and female, who speak positively to facts about which they could not be mistaken, as seem to render it quite impossible to credit the apparently counter-statements of these two witnesses. It is evident the jury did not credit their statements, else they could not have rendered the verdict they did. There is such a mass of concurrent testimony to the point, as to place it beyond any reasonable doubt or dispute, that the negro was imbecile in mind, diseased, and utterly worthless; and that it was well known to the defendant; and that he intended and practiced a flagrant and manifest fraud, on the plaintiff, in the sale of the negro. No other conclusion can reasonably be

drawn from the whole evidence; and it is not too much to say, that no jury of ordinary sense and understanding, could have come to any other conclusion. The evidence speaks too plainly the true character of the transaction, to require comment. There was really no occasion for the plaintiff to rely upon the supposed warranty in the bill of sale. His case was well made out, on the alleged ground of deceit, misrepresentation, and fraud in fact. It cannot be doubted, that the misrepresentations, proved to have been made by the defendant to the plaintiff's wife, when acting for the plaintiff, as his agent, were equally a fraud upon the plaintiff, as if they had been made to him personally. The judgment might be maintained, on the distinct ground of manifest fraud in fact, independently of the supposed warranty.

But if, as the plaintiff's counsel and the court seem to have supposed, the plaintiff's right to a recovery depended upon a qualified warranty, there was error in so much of the charge of the court, as assumed that the plaintiff might recover the purchase money, with interest, if the negro was in fact worthless, though the defendant did not know of the unsoundness. The court might very well have declined any instruction to the jury, based upon the supposition that they would find the defendant did not know of the unsoundness. It was scarcely to be supposed they would so find, in view of the convincing proof to the contrary. But, under the peculiar terms of the qualification of the warranty, if, indeed, it be such, there would not be a breach of warranty, and consequently there could be no recovery upon it, if the defendant did not, in fact, know of the unsoundness of the negro. Read in the light shed upon it, by the evidence in the case, there would seem little cause to doubt, that the particular form of the warranty, was but a contrivance, the more effectually to consummate the design of the defendant, to practice a cheat upon the plaintiff, without incurring any ultimate responsibility. But, treating it as it was treated below, there was error in the charge in the particular indicated; and if it were not manifest, that the error did not influence the finding of the jury, it would

require a reversal of the judgment. It, however, is manifest, that it was wholly disregarded by the jury. They found exemplary damages, which they could not have done, had they not disregarded this instruction. As, therefore, it is thus manifest that this error did not have any influence upon the finding of the jury, it can afford no ground for reversing the judgment. The verdict was evidently a response to the preceding part of the charge, of which the defendant can have no cause to complain. It was quite as favorable to him as he could have asked, under the pleadings and evidence in the case.

The plaintiff's counsel very unnecessarily remitted a considerable portion of the verdict, found under the instruction respecting exemplary damages; but this cannot affect their right to have the judgment affirmed as to the residue. There is no error to require a reversal of the judgment, and it is therefore affirmed.

Judgment affirmed.