## The Dowagiac Manuf'g Co. v. Gibson.

1. **Contract in Writing:** PAROL EVIDENCE OF FRAUDULENT REPRESENTATION. Where machinery was sold on a written contract, and a promissory note was given for the purchase-price, *held*, in an action on the note, that parol evidence was admissible, on behalf of the defendant, to show that fraudulent representations were used to induce him to enter into the contract,—he having pleaded such fraud as a counter-claim.

2. **Sale:** INDUCED BY FRAUD: SUBSEQUENT NOTE FOR PURCHASE-MONEY: WAIVER. Where the fraud of the vendor in effecting a sale was discovered by the vendee before the latter executed his note for the purchase-price, but there was evidence tending to rebut the presumption that the settlement included the vendee's claim for damages on account of the fraud, *held* that the court properly submitted that question to the jury.

3. ——: FRAUD: COUNTER-CLAIM FOR DAMAGES. In an action upon a note given for the purchase-price of machinery, defendant may recover on a counter-claim on the ground of fraud used in effecting the sale, without any allegation or proof of a warranty.

4. **Appeal:** PRACTICE: PRESUMPTION IN FAVOR OF TRIAL COURT. In the absence of positive error appearing in the abstract, this court must presume that the rulings of the trial court were correct.

*Appeal from Wright District Court.*

SATURDAY, DECEMBER 17.

ACTION on a promissory note. There was a judgment

upon a verdict for a small part of the amount claimed by plaintiff. He appeals.

*R. H. Whipple*, for appellant.

*Williams & Baker*, for appellee.

BECK, J.—I. The defendant, in his answer, admits the execution of the note, but, as a defense, sets up a failure of consideration, alleging that the note was given to plaintiff for the purchase-price of two harrows and one seeder, and that one of the harrows was never delivered to him. He further sets up a counter-claim in the following language: "That the defendant was induced to purchase said machinery through the false and fraudulent representations of the plaintiff's agent, made prior to the execution of the note, to the effect that said machinery was well adapted to the use for which it was intended; that the said articles are ready sale and well worth the price agreed to be paid, etc.; that, in fact, all the said representations were false and fraudulent, and that said machinery was not adapted to the uses represented; that it was of no value, and unsalable; that the defendant is an agricultural implement dealer, but did not know whether the representations were true or false, but, relying upon said representations, he purchased the goods in question, and that, on account of the worthlessness of said goods, and the false representations of plaintiff, he has been damaged in the sum of one hundred and fifty dollars, for which he asks judgment." The plaintiff claimed to recover the amount of the face of the note, $95.55, with interest. The verdict and judgment were for plaintiff in the sum of ten dollars.

II. The defendant was permitted, against plaintiff's objection, to introduce evidence showing the representations

1. CONTRACT in writing: parol evidence of fraudulent representations.

as to the character, quality and value of the implements for which the note was given, made by plaintiff or its agent before the written contract of sale was made, and before the note was executed. It is insisted that the evidence was erroneously

admitted, for the reason that it tends to establish, by parol, a warranty, when the contract was in writing, and could not, in that way, be varied, changed or extended. But the evidence does not tend to establish a warranty, and was doubtless not introduced and admitted for that purpose. It was, however, competent to show fraud and misrepresentations, which defendant had set up in his counter-claim as a ground of defense and recovery on his part. The fact that the fraud and misrepresentations were made before the contract and note were executed, does not prevent defendant from showing that he was induced thereby to enter into the contract, and that he suffered loss and damages thereby. The fraud and misrepresentations were inducements to the purchase, and of necessity must have existed before the execution of the written contract.

III.   Plaintiff insists that the court ought to have sustained its motion for a verdict, for the reasons that the evidence shows that defendant, when he executed the note, had knowledge of the breach of warranty and fraud, and thereby waived his right to set them up as a defense.

2. SALE: induced by fraud: subsequent note for purchase-money: waiver.

IV.   We need not determine the question as to whether such knowledge waives defendant's right, for the reason that there was some evidence tending to show that, when he executed the note, he reserved his right to claim damages for the fraud and misrepresentation. To justify the court in directing a verdict for one party, there should be an absence of all proof the other way. There being some evidence, though slight, the district court rightly submitted the case to the jury. While most of the evidence on this point was rejected or stricken out, yet it does not appear that defendant, in the negotiations resulting in the execution of the note, did claim damages, and there is other evidence tending to show that this claim was not settled or withdrawn when the note was given. The note was in fact a settlement of plaintiff's claim under the prior contract; but there is no evidence

that other matters were settled. We think that there was some evidence tending to rebut the presumption that the settlement included defendant's claim for damages.

V. Plaintiff maintains that the verdict is not supported by the evidence, in that there was no proof of a warranty or fraud. As we have seen, the defendant could recover on the counter-claim, in the absence of proof of a warranty, upon the fraud and false representations. We think that the verdict upon the counter-claim is not without the support of evidence.

*3. ——: fraud: counter-claim for damages.*

VI. The abstract does not contain the instructions given to the jury. We are to presume that they were correct, and must exercise every presumption in support of the rulings and judgment of the court, in the absence of positive error appearing in the abstract. We reach the conclusion that no error is shown.

*4. APPEAL: practice: presumption in favor of trial court.*

We have considered all questions argued by counsel. The judgment of the district court is          AFFIRMED.