99   225
99   226
    99   225
109   251

## PARKER MERRILL v. JAMES F. NEWTON.

*Plat—Streets—Rights of abutting lot-owner.*

1. The right of a land-owner, who plats an addition to a village, to maintain a designated street as a way by which to reach his land, does not depend upon an acceptance of the street by the village authorities.

2. A grantee, to whom he conveys blocks abutting on said street, acquires an easement only in the street, with the right, as against his grantor, to its maintenance, and has no right to take possession of any portion of the street, and exclude his grantor therefrom.[1]

Error to Gratiot. (Daboll, J.) Argued November 22, 1893. Decided March 6, 1894.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*S. J. Scott,* for appellant.

*Newell Leonard,* for defendant.

[1] As to the rights of an abutting lot-owner in a public street in a city, and his right to maintain ejectment against one who ousts him of the use and possession of the land lying between his lot and the center of the street, see *Smeberg v. Cunningham,* 96 Mich. 378.

99 MICH.—15.

McGrath, C. J.   Defendant sold to plaintiff blocks 66 and 67 of Newton's addition to the village of St. Louis, according to a certain plat.   The plat shows a street, denominated "Prospect Street," running east and west, immediately south of the premises conveyed.   Defendant owns the land on the south side of Prospect street, and uses this street in getting to and from his premises. Plaintiff built a fence in Prospect street, about seven feet south of the south line of said blocks.   Defendant destroyed the fence, and plaintiff brings trespass, insisting that, inasmuch as the village authorities have not accepted the street, the conveyance to him of abutting lots carries with it the title to the center of the street.

Defendant's right to maintain the way does not depend upon an acceptance by the village authorities.   By the conveyance, plaintiff acquired an easement only in that way, and, as against defendant, has the right to its maintenance; but he did not acquire the right to take possession of any part of such way, and exclude defendant therefrom.

The judgment is therefore affirmed.

The other Justices concurred.