## MERRILL *v.* NEWTON.

PLEADING—DECEIT—SUFFICIENCY OF DECLARATION.

A declaration which alleges that defendant made certain representations to plaintiff as an inducement to him to purchase land of defendant, that plaintiff believed and relied upon such representations and purchased the land, that the representations were false, and that plaintiff was damaged thereby, sufficiently states a cause of action for deceit.

Error to Gratiot; Daboll, J. Submitted April 9, 1896. Decided May 12, 1896.

Case by Parker Merrill against James F. Newton for deceit. From a judgment for plaintiff, defendant brings error. Affirmed.

*Newell Leonard*, for appellant.

*Charles Merrill*, for appellee.

HOOKER, J. The declaration filed in this cause alleges that the defendant was owner of blocks 66 and 67 of the village of St. Louis, and, as an inducement to the plaintiff to purchase the same, produced and exhibited to the plaintiff a regularly executed plat of the W. fractional $\frac{1}{2}$ of the N. W. fractional $\frac{1}{4}$ of section 30, dated October 30, 1873, upon which land said blocks were situate, and represented that said blocks were bounded on the

south by a duly-platted street, 66 feet wide, called "Prospect Street," which street had not been accepted or used by the public, and that he covenanted that said street should not, at his instigation, be appropriated to public use, but should forever remain to the exclusive and undisturbed control, possession, use, and occupancy of the plaintiff, unless by reason of public action. It alleges, further, that the land devoted to such street was actually but $11\frac{1}{4}$ feet in width, that being the distance between the south line of said blocks and the boundary line of said parcel, *i. e.*, the quarter line of said section. It is stated, further, that the alleged covenant was broken; but this is unimportant, as the case was not submitted to the jury upon that theory, but upon the claim that the defendant misrepresented the width of the street, to the plaintiff's injury; and a verdict was rendered in favor of the plaintiff.

Inasmuch as the court instructed the jury that there could be no recovery upon the covenant, the testimony relating to it became unimportant, and was practically withdrawn from the jury. Hence the assignments of error relating to that subject need not be considered.

The question given most prominence by counsel for the appellant is that the court should not have permitted a recovery for misrepresentation and deceit, it being claimed that the declaration counted upon a covenant, and upon that only; but, in our opinion, the declaration states a cause of action upon the theory adopted by the trial court, whether it does upon a covenant or not, which we need not discuss. It states the representation as to the width of the street, made as an inducement to the plaintiff to purchase; that he believed and relied upon it, and purchased the land; that the representation was false; and that he suffered damage by reason thereof. The declaration contains the essentials to support the action. The parties were before the court on a former occasion, and plaintiff was defeated because his declaration did not

state a case upon the theory now presented. *Merrill* v. *Newton*, 99 Mich. 227.

The court instructed the jury, in substance, that the plaintiff's right of way over the land represented as Prospect street did not depend upon the acceptance by the public. This was held in *Merrill* v. *Newton*, 99 Mich. 225.

We deem it unnecessary to discuss severally the various assignments of error. The case appears to have been fairly submitted to the jury, and should be affirmed. It is so ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.