RATLIFF *et al.* v. FARMERS' STATE BANK
OF GREENTOP, MO.

No. 6174.   Opinion Filed April 11, 1916.

Rehearing Denied May 9, 1916.

(157 Pac. 318.)

**SALES—Action for Price—Defense—Fraud.** Where upon the sale of a horse there was a written warranty between the parties that the stallion was a reasonably sure foal-getter, such warranty does not preclude the defense of fraud in the procurement of the principal contract.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Action by the Farmers' State Bank of Greentop, Mo., against T. T. Ratliff and others.   Judgment for plaintiff, and defendants bring error.   Reversed and remanded.

*W. L. Moore,* for plaintiffs in error.

*Bradley & Bradley,* for defendant in error.

Opinion by RITTENHOUSE, C.   On March 3, 1910, defendants purchased from W. C. Mikel & Co., of Greentop, Mo., one Percheron stallion, numbered, registered,

and pedigreed as such, and executed in payment therefor their two certain promissory notes. This suit was instituted to recover upon one of said notes, which note was transferred to the Farmers' State Bank of Greentop, Mo., and is a non-negotiable instrument.

It is alleged in the answer that W. C. Mikel & Co. represented that said animal was a Percheron stallion, numbered, registered, and pedigreed as such, and that said representations, together with others not here enumerated, were false, fraudulent, and untrue. At the time of the purchase of the stallion W. C. Mikel & Co. guaranteed in writing that such stallion was a reasonably sure foal-getter with 50 per cent of good, producing mares bred to him, under certain conditions therein named, and in case he should not so prove they agreed to replace him with another of the same breed and price upon certain conditions therein stated.

At the trial the court instructed the jury that:

"You are further instructed that, before you can lawfully find a verdict in favor of the defendants upon their defense to the plaintiff's petition, on the ground of fraud on the part of W. C. Mikel & Co. in the sale of said animal, * * * you must first find that said animal was not as guaranteed under the instructions heretofore given you by the court."

It will be observed that this instruction limits the defense to the guaranty, as it specifically provides that, before the jury can lawfully find for the defendants upon the defense of fraud, they must first find that the animal was not as guaranteed. The general rule is that, no matter what the warranty may be or how qualified, the same does not preclude parol proof of other allegations made at the time, for the purpose of showing that the principal

contract and also the collateral contract of warranty were procured by fraud.

In *Prentiss v. Russ,* 16 Me. 30, the court held that, although there was a written contract between the parties, this does not preclude parol proof of other allegations made. at the time for the purpose of showing fraud.

In the case of *Hitchcock et al. v. Gothenburg Water Power & Irrigation Co.,* 4 Neb. (Unof.) 620, 95 N. W. 638, the Supreme Court of Nebraska held:

"An action of deceit is an action separate and distinct in its nature from an action for a breach of warranty, and it will lie in cases where there is a warranty as well as where there is none."

In the body of the opinion the court says:

"We think, however, that the authorities are uniform in holding that an action of deceit is an action separate and distinct in its nature from an action for breach of warranty, and that it lies in cases where there is a warranty as well as where there is none. *Wardell v. Fosdick,* 13 Johns. (N. Y.) 325 [7 Am. Dec. 383] ; *Ward v. Wiman,* 17 Wend. (N. Y.) 193; *Daly v. Bernstein,* 6 N. M. 380, 28 Pac. 764; *Merrill v. Newton,* 109 Mich. 249, 67 N. W. 120."

And this rule is adhered to in the following cases: *Huckabee v. Albritton,* 10 Ala. 657; *Hubby v. Stokes,* 22 Tex. 217; *Beasley v. Huyett & Smith Mfg. Co.,* 92 Ga. 273, 18 S. E. 420; *Hanks v. McKee,* 2 Litt. (Ky.) 227, 13 Am. Dec. 265; *McCorkell v. Karhoff et al.,* 90 Iowa, 545, 58 N. W. 913; *Dowagiac Mfg. Co. v. Gibson,* 73 Iowa, 525, 35 N. W. 603, 5 Am. St. Rep. 697; *Pharo et al. v. Beadleston et al.* (N. Y. City Ct.) 17 N. Y. Supp. 730; *History Co. v. Durham* (Tex. Civ. App.) 23 S. W. 327.

Inasmuch as the instruction under consideration took from the jury the question of fraud and misrepresentation in the procurement of the principal contract, the judgment must be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.