MORAIN v. TESCH.

1. FRAUD—SALE OF FARM—EVIDENCE—EARNINGS OF PLAINTIFFS—
   ADMISSIBILITY.
   In an action for fraud in misrepresenting the character and fertility of the soil of a farm which plaintiffs purchased from defendants on contract, testimony as to the earnings of plaintiffs at the time of the purchase was inadmissible.

2. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS.
   Testimony as to the earnings of plaintiffs at the time they were fraudulently induced to purchase a farm,

On measure of damages for fraudulent representations in the sale or exchange of real estate, see notes in 8 L. R. A. (N. S.) 804; 16 L. R. A. (N. S.) 818.
On representations by vendor as to quality or condition of soil, see note in L. R. A. 1917C, 273.

erroneously admitted by the trial judge, was rendered harmless by his instructions to the jury to disregard said testimony.

3. FRAUD—CROSS-EXAMINATION—EVIDENCE OF FRAUDULENT PURPOSE.

In said action, in support of plaintiff's claim that defendants falsely represented that they had lived on said farm for 15 years and therefore had long time experience with it, upon which representation plaintiffs relied, cross-examination as to whether defendants had not so stated to persons other than plaintiffs, followed up by testimony that they had, was properly permitted, not as substantive proof that such misrepresentation had been made to plaintiffs, but for its bearing upon the question of fraudulent purpose, claimed to have been formed by defendants in their endeavors to dispose of the farm.

4. SAME—EVIDENCE—DIRECTED VERDICT.

Under the evidence, defendants' request for a directed verdict in their favor was properly refused.

5. SAME—INSPECTION OF PREMISES NOT A BAR TO ACTION FOR FRAUD.

The inspection of the premises by plaintiffs did not, as a matter of law, bar them from relying upon representations made by defendants.

6. SAME—DAMAGES—INSTRUCTIONS.

Instructions by the trial judge that plaintiffs' measure of damages "would be the difference between the actual value of the land at the time of the purchase, and what its value would have been had it been of the quality and condition represented," leaving out of consideration farm tools and live stock of considerable value which plaintiffs received with the farm and kept, *held*, reversible error.

7. APPEAL AND ERROR—ASSIGNMENTS UPON CHARGE.

Under 3 Comp. Laws 1915, § 12632, error may be assigned upon the charge of the trial judge, although no request in regard thereto was made to him.

Error to Wayne; Marschner (Adolph F.), J. Submitted May 3, 1921. (Docket No. 133.) Decided July 19, 1921.

Case by John Morain and another against Gustave Tesch and another for fraud in the exchange of real property. Judgment for plaintiff. Defendants brings error. Reversed.

*Edward M. Vining,* for appellants.

*Frank C. Moriarty* and *Frank J. Riggs,* for appellees.

WIEST, J. Claiming that they' were induced by the false and fraudulent representations of defendants relative to the value and the character and fertility of the soil of a certain farm owned by defendants to purchase the same on contract, and to deed defendants their equity in a house and lot in the city of Detroit in part payment, plaintiffs, after living on the farm about a year, and after default in payment under the contract and after having been served with notice to quit, left the farm and brought this suit to recover damages for such alleged fraud.

Upon the trial plaintiff John Morain was permitted to testify that he was earning $5 a day in a factory when he purchased the farm and gave up such job, and the other plaintiff gave similar testimony. This was objected to and after some hesitation and with evident doubt on the part of the trial judge, was admitted. Counsel for plaintiffs urged the admissibility of such testimony upon the question of damages, stating:

"If the court please, we likewise allege that through the false representations and inducements, they induced this man to quit his job that he had, which was continual, and that upon their representations which were false and on which he relied he did' quit his work and lost his position which was, as I have said, perpetual. We claim there is a measure of damages in connection with the other—in addition to the other."

The admission of this testimony was error but rendered harmless by the following instruction to the jury:

"You are not to take into consideration, gentlemen of the jury, the evidence that has been offered to you here with reference to salary that the plaintiff claims that he lost by reason of the transfer, and I charge you, specifically, gentlemen, that that is not an element of damages between the parties, if you should come to that stage in your deliberations."

Plaintiffs claimed that defendants falsely represented that they had lived on the farm for 15 years, and upon cross-examination both defendants were asked if they had not so stated to other persons than plaintiffs. This was objected to but was permitted, and upon rebuttal, and against objection, a witness was permitted to testify that Mrs. Tesch had so told her. Plaintiffs were suing upon false representations made to them by means of which they were deceived to their damage, and they claimed that they relied upon defendants' representations as to the character of the land and the fertility of the soil because of defendants' long time experience with the farm. It was proper to question both defendants as to whether they had made such a statement to others and to follow it up by evidence that they had; not as substantive proof in support of plaintiffs' claim that such a representation was made to them but for its bearing upon the question of fraudulent purpose claimed to have been formed by defendants in their endeavors to dispose of the farm. *Cook* v. *Perry*, 43 Mich. 623; *J. B. Millet Co.* v. *Andrews*, 175 Mich. 350.

Defendants requested the court to instruct the jury that there had been no fraud shown. Under the evidence questions of fact were involved and the court properly refused the instruction asked for. The inspection of the premises by plaintiffs did not as a

matter of law bar them from relying upon representations made by defendants. *Jackson* v. *Armstrong,* 50 Mich. 65. The evidence presented issues of fact for the jury. See *Merrill* v. *Newton,* 109 Mich. 249.

In the deal plaintiffs received farm tools and live stock of considerable value. In the charge to the jury upon the measure of damages the court said:

"I charge you that the proper measure of damages would be the difference between the actual value of the land at the time of the purchase, and what its value would have been had it been of the quality and condition represented."

This left out of consideration the value of personal property received by plaintiffs, and was error. Plaintiffs contend that defendants not having requested the court to cover the subject in the charge should not now be permitted to raise the question. The statute, 3 Comp. Laws 1915, § 12632, permits error to be assigned upon the charge of the court, and defendants have not lost the right to be heard upon a matter so necessarily involved in the damages.

Errors are assigned upon excerpts from the charge. We have examined the whole charge and feel that there is no occasion to enter upon an extended discussion thereof.

For the error pointed out the judgment is reversed and a new trial granted, with costs to defendants.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.