MILWAUKEE TANK WORKS *v.* EAST JORDAN CO-
OPERATIVE ASS'N.

1. Sales — Written Contracts Induced by Representations
Known by Utterer to be False.

A written contract for the sale of gasoline filling station
pumps governs unless it was procured by false and fraud-
ulent statements which the seller's agent making them
knew to be false, and, therefore, were intended to deceive.

2. Same — Fraud — Where Defense is Fraud Defendant Has
Burden of Proof.

In an action on a written sales contract, defended on the
ground that it was procured by false representations, the
defendant had the burden of showing that the representa-
tions were made, were false in fact, were known by the
utterer to be false, were made for the purpose of deceiv-
ing defendant into making the contract and that they
induced defendant to make the contract it would not,
except for the false representations, have made.

3. Evidence—False Representations Made to Another Admis-
sible on Question of Fraudulent Purpose.

In an action on a written sales contract, defended on the
ground that it was procured by false representations, testi-
mony that the same representations had been made by
the seller's agent to another purchaser was admissible
for its bearing on the question of fraudulent purpose, al-
though not admissible as substantive proof of what the
agent said to defendant.

Error to Charlevoix; Gilbert (Parm C.), J.    Sub-
mitted January 4, 1928; resubmitted March 27, 1928.
(Docket No. 52.)    Decided April 3, 1928.

Assumpsit by the Milwaukee Tank Works against
the East Jordan Co-operative Association for the pur-

¹Sales, 35 Cyc. p. 64; ²Id., 35 Cyc. p. 83; 12 R. C. L. 428;
³Evidence, 22 C. J. § 836.

chase price of certain pumps.   Judgment for plaintiff.   Defendant brings error.   Reversed.

*Clink & Williams,* for appellant.

*J. M. Harris,* for appellee.

WIEST, J.   Under written contract plaintiff sold and delivered to defendant gasoline filling station pumps.   This suit was brought to recover the agreed price and plaintiff had judgment.   Defendant reviews by writ of error.   Under plea of the general issue defendant gave notice of the following special defense:

"That the plaintiff, by and through its agent, in order to induce defendant to execute the contract, wrongfully, falsely and fraudulently represented to the defendant that if the bowl was full of gasoline and a customer wished to purchase three gallons, that the attendant could serve the customer by setting the dial at number three on the pump, indicating three gallons, and still have seven gallons remaining in the bowl, and that the attendant could go about his other business filling the radiator or furnishing oil for the same or other customers and that the pump would measure the exact amount sold."

Counsel for plaintiff claims that the court should have directed a verdict against defendant on the ground that the alleged representations, if made, were but verbal warranties and cannot be urged as fraud. If this position is well taken, we need not consider the errors alleged by defendant.   The point, however, is not tenable.   The written contract between the parties governs unless it was procured by false and fraudulent statements made by plaintiff's agent.   It will be noticed that we mention both false and fraudulent. A false statement is not enough in this kind of action. It must not only have been false, but known by the agent to have been false, and, therefore, intended to deceive.   This constitutes so-called *scienter* essential

to the granting of relief under the issues here involved. If the defendant was induced to enter into the contract by the alleged false representations, and plaintiff's agent made such representations knowing the same to be false, and for the purpose of obtaining the contract by such deceit, then the contract was conceived in sin, born of iniquity, is unclean, and an outcast in the eye of the law.

Defendant had the burden of showing that the representations were made, were false in fact, known by the utterer to be false, made for the purpose of deceiving defendant into making the contract, and induced defendant to make the contract it would not, except for the false representations, have made. What we have said draws the line between a warranty not in a contract and fraud voiding a contract. There was no warranty of this character in the contract, and the writing excluded any previous verbal warranty, and, unless the representations claimed were fraudulent within the rule we have stated they were, even though the pumps did not meet the assurance, no more than verbal warranties and lost to defendant by omission from the writing and not to be invoked under the name of fraud. We think the evidence presented an issue for the jury. *Hall* v. *Duplex-Power Car Co.,* 168 Mich. 634, 641.

The court was in error in excluding testimony offered to show that plaintiff's agent made the same representations to another purchaser of pumps. Such testimony was not admissible as substantive proof of what the agent had said to defendant, but was admissible for its bearing upon the question of fraudulent purpose, claimed to have been entertained by plaintiff's agent. *Cook* v. *Perry,* 43 Mich. 623; *J. B. Millet Co.* v. *Andrews,* 175 Mich. 350; *Morain* v. *Tesch,* 214 Mich. 699.

We have given consideration to the other errors al-

leged, and find no occasion to enter upon a discussion thereof.

For the error mentioned, the judgment is reversed and a new trial granted, with costs to defendant.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.