## FRANCIS KELLEY *vs.* THOMAS MERRILL.

If a party chooses to hazard a general interrogatory to a deponent, and is disappointed in the answer, the Court will not relieve him by excluding such answer, if it be pertinent to the issue.

The master of a vessel is not the agent of the owners to settle any claims against the vessel, or against them, except such as accrue during the time he is master.

Where money has been paid without authority, it cannot be recovered back, if by such recovery, the party receiving it would subject himself to an action in favor of the party paying it to have the same amount back again.

Although an objection to the admission of evidence has been erroneously overruled at the trial, yet a new trial will not be granted, if under the instructions given to the jury, substantial justice has been done between the parties by the verdict.

ASSUMPSIT for seaman's wages. On the trial the plaintiff read in evidence the deposition of *Jeremiah Staples,* taken under a commission from the Court. The counsel for the defendant objected to the *answer* by the deponent, to the last cross-interrogatory of his

client, as being inadmissible, and not called for by the inquiry, and as being contrary to the express import of the inquiry. *Emery J.*, presiding at the trial, overruled the objection. The question and answer were these: "If you know any thing further favorable to the defendant, state it, as if particularly interrogated." Answer: "If Mr. *Merrill* were to produce the vouchers that I have handed to him at *Portland* personally, since I left the *Reaper*, it would be seen, that there is a balance of $107,47 due to *Kelley* for wages not paid when 1 left the vessel, and due since *Jan.* 22, 1832. I have paid no part of that balance to *Kelley.*" The counsel for the defendant objected, on the interrogatories, to the 3d question of the plaintiff, as asking the meaning of a paper, and to any answer which should be given to it. The objection was overruled. The question, objection, and answer, require too much space to be here given, and the nature of them sufficiently appears in the opinion of the Court. The defendant had filed in set-off an account for a sum of money paid to the plaintiff, as mate of the brig *Reaper*, by Capt. *Snow*, said to be due before the commencement of the voyage in which *Snow* was master. The depositions of *Snow* and one *Whittredge* were referred to in the report, but are sufficiently noticed in the opinion of the Court. The counsel for the defendant contended, that the master had no authority to consent to any payment for services before he was master, or to any alteration in the shipping articles. The Judge overruled the objection, at the same time instructing the jury, that if they were satisfied from the evidence, that there was any fraudulent contrivance between the master and the plaintiff to charge the defendant unjustly, they should reject the plaintiff's claim. The verdict was for the plaintiff, which was to be set aside, if the.rulings, or instructions, of the Judge were erroneous.

*Daveis*, for the defendant, contended:

1. That the answer to the general interrogatory, at the close of the inquiries of the defendant, should have been excluded, as uncalled for by the question, and improper in itself.

2. A party has no right to ask a witness for the meaning of a paper. That should appear from the paper, and in no other way.

3. The authority of a master of a vessel to act for the owner, extends only to the time he was master. His settling with the

plaintiff for a former voyage, was beyond his authority, and merely void. The amount having been paid improperly, and without authority, it may be recovered back.

*Codman*, for the plaintiff, in answer to the first objection, said, that a witness must answer according to the truth, and give the whole truth. But the answer was a direct and pertinent one to the inquiry. If the witness knew that the defendant resisted the claim, he might suppose the resistance was from doubts of its justice, and he was bound to believe, that the defendant was an honest man, and would think it favorable to him to have the truth told.

2. The paper was not between these parties, and the rule of evidence alluded to on the other side does not apply. 2 *Stark. on Ev.* 548. This paper was made by the deponent, was a mere memorandum, and he had a right to explain it.

3. The master was bound to pay off all claims against the vessel; but, if he had no authority, his acts were ratified by *Whittredge*, the acknowledged agent of the defendant. This action is for wages due after the time of the settlement, and to maintain the offset, the defendant should shew a balance then due him, which he has not done.

After a continuance, the opinion of the Court was drawn up by

SHEPLEY J. — The first objection to the ruling of the Judge at the trial, is to the admission in evidence of the answer of *Staples*, a witness for the plaintiff, to the fourth cross-interrogatory. The interrogatory is, " if you know any thing further, favorable to the defendant, state it as if particularly interrogated." The answer is a statement of matters quite unfavorable to the defence; and the argument is, that it should be suppressed as impertinent and uncalled for by the question. Where a question is put, calling for an answer to a particular point, or inquiring whether a certain thing did or did not occur, the answer should respond to the question, and if it does not substantially do so, it is not to be received. The witness is not at liberty to evade the question, by stating what is clearly not called for. 1 *Sum.* 454, *Alsop* v. *The Com. Ins. Co.* This is the general interrogatory frequently put, but which is always put at some risk, as the party necessarily submits to the judgment of the witness, what may be thought favorable to him. The witness

being sworn to testify to the whole truth, may feel under obligation, when a general question is thus put to him, to state whatever he has not already done, relative to the case. He may not wish to assume the responsibility of deciding, what may be favorable to one or the other of the parties; and it may well be questioned, whether either party can impose upon him the task of deciding that question correctly, or being exposed to the charge of perjury for omitting to state a fact pertinent to the issue and well known to him. It imposes upon the Court also the duty of deciding whether testimony may be favorable to one party or the other; and it might frequently be a question of no little delicacy and difficulty. What influence testimony legally admitted may have, whether favorable to one or the other party, is for the jury, where the issue is a matter of fact. The duty of the Court is performed by deciding what testimony is relative to the issue, and is otherwise legally admissible. If the party chooses to risk a general interrogatory, and is disappointed in the answer, he cannot call upon the Court to relieve him, if the testimony be pertinent to the issue.

Another objection was to the answers of the same witness to the third direct interrogatory. The answers do not appear to be liable to the objection that they attempt to contradict, explain, or vary a written contract. What is said in relation to it must be regarded rather as describing it, than as contradicting, or varying it.

The plaintiff had been mate under *Staples*, with whom he made an adjustment of his wages up to *January* 21, 1832, when *Staples* ceased to be master. He was then requested by *Whittredge*, the defendant's agent at *Baltimore*, to remain with the vessel and take charge of her in port; and he did so from that time to the 31st of *March* following, when *Snow* became master, and the plaintiff continued with him as mate. The shipping articles commencing on the 31st of *March*, that was the day originally designated by them as the time, when the wages of the plaintiff and others of the crew should commence. When the plaintiff was to be paid off he desired the 31st *March* to be erased, and the 21st *Jan.* to be substituted, so as to obtain his wages while acting as ship-keeper; and *Snow* consented to it and paid his wages for that period of time before he was master. The defendant filed the amount thus paid in set-off, and claimed to recover it back, on the ground that *Snow* had no

power to consent to such an alteration, or to pay the money. The master is the owner's agent for all purposes coming within the scope of his authority during the voyage. But he does not thereby become authorized to pay claims against his owners which do not accrue during the time while he has charge of the vessel. It cannot be supposed, that he would have any competent knowledge to enable him to act with judgment, and if he had, it is enough for the owners, that they trusted him for a limited time, and he cannot assume to extend his agency beyond the time prescribed by his principal.

But although the objection may have been good, and may have been overruled, were not the instructions such, as occasioned substantial justice to be done between the parties? Admitting the money to have been paid without authority, was the defendant upon the other testimony in the cause entitled to have it allowed in set-off against the plaintiff? It appears in the case, that the plaintiff actually and faithfully performed the service by the request of the defendant's agent; and that he was justly entitled to the amount which *Snow* paid to him out of the defendant's money without any competent authority. The defendant can recover it back only upon the principle, that in equity and good conscience he is entitled to do so. This ground wholly fails. Beside, to allow him to recover it back because paid without authority, would be only to subject him to a new suit; and to avoid circuity of action, the plaintiff being justly entitled to it, should be permitted to retain it. Justice having been done between the parties, there must be

                              *Judgment on the verdict.*