## HENRY E. PRENTISS *v.* JOHN RUSS.

Although there was a written contract between the parties, this does not preclude parol proof of other allegations made at the time, for the purpose of showing fraud.

If one in a contract of sale take a warranty, he is not thereby precluded from rescinding it, if he can prove that it was effected by the fraud of the other party.

Fraud may be committed by the artful and purposed concealment of facts, exclusively within the knowledge of one party, and known by him to be material, and where the other party had not equal means of information.

EXCEPTIONS from the Court of Common Pleas, REDINGTON, J. presiding.

Replevin for a chaise. The defendant claimed the chaise under a contract dated *April* 4, 1837, wherein the plaintiff sells to the defendant the chaise in question, and *Rust* sells to *Prentiss* a note given by one *Pinkham* to him, and indorsed, and promises, that if *Prentiss* cannot collect the note of *Pinkham* on execution, he will pay him the amount, and guaranties to *Prentiss*, that execution can be obtained on the note for principal and interest. On the

trial, the plaintiff contended, that the contract of sale had been re-scinded; and to establish this fact, offered evidence to prove that the note was void through an entire failure of consideration; that the defendant well knew the fact, but when the contract was made fraudulently represented to the plaintiff, that the note was collecta-ble, and that *Pinkham* had no defence to it; that an action had previously been brought upon it in the name of one *Butler*, which was defended by *Pinkham*, and discontinued because the defence would have been successful, and the costs paid by *Russ*; and that these facts, though well known to the defendant, were by him con-cealed from the plaintiff. The defendant objected to this evidence, because that the contract was in writing, and parol evidence could not be admitted to vary, control, or explain it; and because the plaintiff could have upon that contract all the remedies, if any, to which he was entitled. The Judge overruled the objections, and the testimony was admitted. The plaintiff, on finding the truth, tendered back the note, notified the defendant that the bargain was rescinded, and demanded the chaise.

The Judge instructed the jury, that if at the time of making the contract, *Pinkham* had a valid defence to the note, and if the de-fendant, knowing that fact, did nevertheless fraudulently represent to the plaintiff, that the note was due and collectable, and that *Pink-ham* had no defence to it; or if there had been a previous action brought upon said note, with the knowledge and for the benefit of *Russ*, which had been discontinued on account of the defence set up by *Pinkham*; and if the knowledge of that fact would proba-bly have dissuaded the plaintiff from parting with his chaise on the terms set forth in the written contract; and if said *Russ* artfully and purposely concealed that fact from the plaintiff; then it would be competent for the plaintiff to rescind the contract and sale. On the return of a verdict for the plaintiff, the defendant's counsel filed exceptions.

*H. Belcher*, for the defendant, argued in support of the objec-tions made at the trial; and cited *Sherwood* v. *Marwick*, 5 *Greenl.* 295; *Cross* v. *Peters*, 1 *Greenl.* 378; and *Richards* v. *Killam*, 10 *Mass. R.* 239.

*Wells*, for the plaintiff, argued, that where fraud is practised, it vitiates all contracts induced by it, whether by parol or in writing.

If a sale be made in consequence of the fraudulent representations of the vendee, whether a written bill of sale be made or not, the vendor may rescind it. *Boyce* v. *Grundy*, 3 *Peters*, 219; *Thornton* v. *Winn*, 12 *Wheat.* 183; *Chitty on Con.* 223. Mere common honesty required, that the defendant should have disclosed, that the note had been in suit, and defended, that the plaintiff might be informed, that if he took the note, he took a lawsuit with it; and the law requires it also. *Jeremy's Eq.* 387; 2 *Kent's Com.* 481. The verdict under the charge shows, that the plaintiff would not have made the contract, if the truth had been told to him.

The case was continued for advisement, and the opinion of the Court afterwards drawn up by

SHEPLEY J. — As the contract between the parties was reduced to writing, it is contended, that parol evidence should not have been admitted to prove, that other allegations were made, than those contained in it; and the case of *Richards* v. *Killam* is relied upon as in point. In that case the assignment of the bond was made under seal, and the action was assumpsit complaining indeed of deceit and fraud but the declaration was drawn in such a manner, that the court say, that the allegations " are insufficient to enable us to give to this action or the evidence to support it, the effect of an action for a deceit and fraud, considered as a tort, and not as a breach of contract." And it appears to have been upon that ground, that the evidence was held to be inadmissible. In the case of *Boyce* v. *Grundy*, it was decided, that a party was not precluded from introducing testimony of other allegations made at the time than those contained in the written contract for the purpose of proving fraud.

Nor is one, who has in a contract of sale taken a warranty, precluded from rescinding it, if he can prove, that it was obtained from him by fraud; because the whole contract whatever may be its character is avoided by the fraud, and the parties are left to assert their rights as they would, if no contract had been made.

Fraud may be committed by the *suppressio veri* as well as by the *allegatio falsi*, if the means of information are not equally accessible to both, but exclusively within the knowledge of one of the

parties, and known to be material to a correct understanding of the subject; and especially when one of the parties relies upon the other to communicate to him the true state of facts to enable him to judge of the expediency of the bargain. The instructions given required the jury to find, that the former action was discontinued on account of the defence set up, and that this was artfully and purposely concealed, and that it would have had a material influence, had it been known, upon the contract. The case of *Hill* v. *Grey*, 1 *Stark. Rep.* 352, fully justifies this part of the charge.

The jury having found the contract fraudulent, the plaintiff had a right to rescind it, and having elected to do so, and performed what was necessary on his part, is entitled to recover.

*Exceptions overruled.*