## HENSCHEL *vs.* MAHLER & MAHLER.

A negotiable bill of exchange or promissory note must be for a fixed sum, and must be payable in money, and the time of payment must be such that it will certainly arrive ; though the day of payment may depend upon a contingency.  *Per* WAL-WORTH, *Chancellor.*

A bill payable at the drawee's place of business on a day certain, *or* in another city at a later day, is a valid bill of exchange.  *Per* WALWORTH, *Chancellor.*

Such a bill is dishonored by the failure of the acceptor to pay on either day, at the place designated.  *Per* WALWORTH, *Chancellor.*

Assumpsit on the money counts will lie by the endorsee against the acceptor of a bill of exchange.  *Per* WALWORTH, *Chancellor.*

In an action by the endorsees against the acceptor of an instrument bearing date " Leipsic, April 18th, 1839," and drawn thus : " *For fr's* 8755-60, *pay'ble &c. on the* 31 *Dec'ber* 1839.   *On the* 31*st Oct. of this year, pay &c. to the order of our-selves* 8755 *francs* 60 *cts., payable in Paris, the* 31*st Dec. ·of this year,*" *&c.* HELD a valid bill of exchange, notwithstanding the ambiguity as to the time of payment.

The bill may be construed as payable at New-York on the 31st October, *or* at Paris at the subsequent day named, at the option of the acceptor.  *Semble. Per* WAL-WORTH, *Chancellor.*

The words " *on the* 31*st Oct. of this year* " should be rejected as repugnant.  *Per* PORTER and SPENCER, *Senators.*

ON error from the supreme court.   J. R. & H. Mahler sued Henschel in the superior court of the city of New-York in as-sumpsit, and sought to recover as the endorsees, against the de-fendant as acceptor, of a bill of exchange.   There was a verdict

and judgment for the plaintiffs, which was affirmed on error in the supreme court, upon which the defendant brought error here. The facts appearing on the trial are stated in the opinion of the chancellor, and, together with the opinion given in the supreme court, may be found in the report of the case in 3 *Hill,* 132.

*W. W. Van Wagenen,* for the plaintiff in error.

*D. D. Field,* for the defendants in error.

THE CHANCELLOR. The defendants in error, J. R. & H Mahler, were the endorsees of a bill of exchange, drawn by Dufour Brothers & Co. at Leipsic, in the kingdom of Saxony, in April, 1839, payable to their own order, directed to Henschel, the plaintiff in error, at New-York or wherever he was to be found, and accepted by Henschel at Leipsic five days after the date of such bill. The bill is in the following form:

" Leipsic, April 18th, 1839.
" For frs. 8755, 60 payable in Paris on the 31st of Dec'ber, 1839.
" On the 31st of October in this year pay for this first of exchange to the order of ourselves, eight thousand seven hundred and fifty-five francs 60 cts. payable in Paris the 31st of December of this year, and charge the same to account as advised by
" DUFOUR BROTHERS & Co.
" To Mr. Alexander Henschel at New-York, or where to be found."

The defence of usury which was attempted to be set up by Henschel on the trial, wholly failed. The only question therefore is, whether this instrument is upon its face a valid bill of exchange, according to the law merchant; so as to authorize the endorsees to maintain a suit thereon in their own names. For if upon its face it is negotiable, the acceptor could not be permitted to destroy its negotiability by extrinsic proof; especially in a case where he had no defence other than that the suit was brought in the name of the endorsees, instead of the

drawers, to whom the amount for which it. was drawn was originally due.

It is well settled in this state, as well as in England, that to make a promissory note or a bill of exchange negotiable, it must be payable in money, or at least that which is considered and treated as money by commercial usage. The amount to be paid must also be fixed and certain; and the question whether it is or is not to be paid must not depend upon a contingency or event which may never take place. But if the time of payment must certainly arrive, it is not necessary that the precise day of payment should actually appear upon the face of the bill or note, to render it negotiable. Thus in the case of *Colehan* v. *Cooke*, ( *Willes' Rep.* 393, *Strange*, 1217, *S. C.*) a note payable ten days after the death of the maker's father was held to be a negotiable note within the statute. Such a note or bill is in this respect like a note payable a certain number of days after demand, or a bill payable a certain number of days after sight; which note or bill. is absolutely payable although the precise time when payment of the note will be demanded, or the bill will be presented for acceptance, may have been uncertain when the note or bill was drawn or negotiated. And if the true construction of the bill of exchange now under consideration upon its face is that the acceptor had an option to pay the bill at his place of business on the 31st of October, 1839, or at the city of Paris on the 31st of December thereafter, which is the construction most favorable to him, it is still a valid bill ; and which authorized the endorsers thereof to sue in their own names upon his neglect to pay the bill, either at the one place or the other, at the respective times prescribed therein for payment.

The declaration in this case also contained the common money counts, as well as the special counts upon the bill itself. So that if the endorsees had mistaken the true construction of the bill, and if it was a negotiable instrument upon any construction which could properly be given to its language, they were entitled to recover it of the acceptor under these common counts of their declaration, and the motion for a nonsuit was properly overruled. (*Dimsdale* v. *Lanchester*, 4 *Esp. R.* 202; *Wild* v

*Fisher,* 4 *Pick. Rep.* 421 ; *Pierce* v. *Crafts,* 12 *John. Rep.* 90; *Raborg* v. *Peyton,* 2 *Wheat. Rep.* 385.)

Looking at the instrument itself, independent of the line which immediately succeeds the date, and which I presume was only intended to show the nature of the value received by the drawee, as required by the French laws, I think there could be very little room to doubt that the bill was intended to be payable in Paris, on the 31st day of December, 1839 ; and that the words, on the 31st of October of this year, must be rejected for the purpose of giving effect to the intention of the parties. The general rule of construction of written instruments, however, is that effect should, if possible, be given to all the words used therein, provided it does not destroy the instrument and defeat the intention of the parties. Perhaps effect may be given to all the words of this bill, by considering it as drawn upon the acceptor at New-York, but who was then temporarily absent, and payable there on the 31st of October; and construing the subsequent words *"payable in Paris the* 31*st of December,"* as having the same meaning there as in the line immediately below the date, and referring to the fund upon which the bill was intended to be drawn. In other words, that the bill should be construed in the same manner as if drawn in this form, and directed to the drawee at New-York: " On the 31st of October next pay to our order eight thousand seven hundred and fifty-five francs which are payable to us in Paris, by you, on the 31st December of this year." The effect of such a construction would be to anticipate the payment of the fund which was before payable in December at Paris, and to make it payable in New-York in October, by the acceptance of such a bill. Effect would also be given to the whole of the words of this instrument by construing it so as to give the option to the acceptor to pay the amount at his place of residence on the 31st of October, or to pay it in Paris on the 31st of December. This last construction would carry into effect the real intention of the parties, in substance, as that intention appears from the extrinsic evidence. For, although such extrinsic evidence is not admissible for the purpose of destroying the negotiability of this bill of exchange,

by making it payable in something besides money, the parties unquestionably contemplated that the acceptance would be paid at New-York on the 31st of October, in exchange on Paris payable on the 31st of December thereafter. And if the exchange between New-York and Paris in October, 1839, was considerably in favor of the latter place, as it undoubtedly was, the holders of this bill would have no inducement to refuse a draft on Paris in payment of the acceptance, and to insist upon being paid the nominal amount of such acceptance at New-York. Or, if they did so, the acceptor would be a gainer by selling his exchange on Paris at a premium, in New-York, to raise the money to pay his acceptance at the latter place.

In every view which I have been able to take of this case, this was a negotiable bill of exchange, which authorized the endorsees to recover in their own names thereon in this suit. The law as well as the equity of the case was, therefore, in their favor. And they have only been allowed to recover the amount of the bill and such interest as they were entitled to upon the construction most favorable to the acceptor in that respect. For these reasons, I think the judgment of the supreme court sustaining the decision of the superior court of the city of New-York, should be affirmed.

JOHNSON, Senator. I have examined the authority, cited by the chief justice, in his opinion of this case, (*Chitty on Bills,* 9th *Amer. ed.* 160,) to ascertain, whether the words "on the 31st of December of this year," forming a part of the instrument given in evidence, could be rejected as repugnant and absurd. The only principle there referred to that will be found to bear upon this question, is, that when the instrument declared upon or given in evidence, is payable to blank or order, the drawer consents that the owner, or he for whose benefit it was made, may insert the name of a payee, to give effect to the instrument. But I think the same authority shows that no one else could fill up the blank. This is very different from striking out a part of an instrument in writing by the court after it has been transferred, and thus in fact making a new agreement between the

parties. In *Haywood* v. *Perrin*, (10 *Pick.* 228,) the court lay down the rule for the construction of contracts to be, that every word and clause shall be taken into consideration and have an effect given to it if possible. That was a case of a note made payable on demand; but at the bottom of the note the parties had inserted a memorandum by which one-half of the note was to be paid in twelve months and the other half in twenty-four months. The court, after ascertaining that the memorandum was made by the parties before the delivery of the note, in order to give effect to every part of the instrument, made it read, payable, the one-half on demand after twelve months, and the other half on demand, after twenty-four months. Had the court adopted the opinion that the words payable on demand, and the memorandum, payable one-half in twelve months, and the other half in twenty-four months, were absurd and repugnant the absurdity could easily have been removed on the principle adopted by the supreme court, by rejecting the memorandum, and made it read payable on demand; as the parties intended, should the insolvency of the payor be likely to occur before the end of the twenty-four months. Applying the rule that effect shall be given to every word and clause in a contract, what construction can be put upon the instrument under consideration, so as to give it effect? On the 18th of April, 1839, Dufour Brothers & Co. request Henschel, " *on the* 31*st October of that year*, to pay to the order of themselves, eight thousand seven hundred and fifty-five francs sixty cents, *payable* in Paris the 31st December of that year, value in themselves, and to charge the same to account as advised." Now it is perfectly manifest from the whole instrument, that it would be imposible for Mr. Henschel, on the 31st day of Oct. 1839, to pay the drawers or their endorsers in any kind of money known as such, which would become payable the 31st day of December thereafter in Paris. If specie was intended, it would have been available on delivery. If bank notes were intended to represent gold and silver, they would be payable on demand. I infer, therefore, the parties intended that payment should be made on the 31st October, in something other than what is legally

Henschel *v.* Mahler.

considered money. Whether such payment was to be by a bill of exchange payable in Paris on the 31st of December, 1839, as the letters of Dufour Brothers & Co. showed, or whether some other mercantile instrument was intended, is perfectly immaterial. The instrument plainly shows that money was not intended, and having ascertained that fact, the court will pronounce the instrument not to be a negotiable bill of exchange. I regret to be obliged to differ with so learned a judge as the late chief justice, especially as the defence in this case is technical. But I believe that the characteristics of negotiable paper have been so well defined and so long established, that we are not at liberty to help the plaintiffs out of a difficulty, by striking out an important part of the instrument, in order to effect what never was intended by the parties. There can be no difficulty in giving effect to the instrument when counted on in the name of the drawers, when if necessary the letters of the parties might properly explain the ambiguity, if any there be. The judgments of the supreme and superior courts should be reversed.

PORTER and SPENCER, Senators, delivered written opinions in favor of affirmance, on the ground assumed by the supreme court—that the words " on the 31st Oct. of this year " should be rejected as repugnant.

On the question being put, " Shall this judgment be reversed?" the members of the court voted as follows:

*For reversal: Senator* JOHNSON.

*For affirmance:* The PRESIDENT, The CHANCELLOR, and *Senators* BARLOW, EMMONS, HAND, HARD, LESTER, LOTT, MITCHELL, PORTER, J. B. SMITH, S. SMITH, SPENCER, TALCOTT and WHEELER—15.

Judgment affirmed.