LUTHER DAVIS *vs.* NANCY A. SMITH.

Somerset. Opinion April 14, 1887.

*Contract. Indemnity. Judgment. Docket entries. Money paid.*

Where a person, either by operation of law or by express contract, is responsible over to another against whom a judgment is rendered, and notice has

79 351
92 258

79 351
f105 354

been given him of the pendency of the suit and he has had an opportunity of appearing and taking upon himself the defence of it, such judgment, if obtained without fraud or collusion, will be conclusive against him, whether he appeared or not.

The notice in such a case may be implied from his knowledge of the pendency of the action, and his participation in its defence.

Where the record of the judgment is not fully extended, the docket entries therein are the only proper evidence of the judgment.

Where there is an express contract of indemnity, not under seal, and by its terms it contains nothing more than the law would imply, it is optional with the plaintiff to declare in general *indebitatus assumpsit* for money paid or upon the special contract.

When the action for money paid will lie.

On report.

The opinion states the case.

*Merrill and Coffin*, for the plaintiff.

The judgment was conclusive upon the defendant. *Cooly* v. *Patterson*, 52 Maine, 472; *Dorr* v. *Davis*, 76 Maine, 301; *Chamberlain* v. *Preble*, 93 Mass. 373; *Boston* v. *Worthington*, 10 Gray, 498; *Train* v. *Gold*, 5 Pick. 380; *Littleton* v. *Richardson*, 34 N. H. 187; *Stone* v. *Hooker*, 9 Cowen, 154; *Lowell* v. *Parker*, 10 Met. 315.

The docket entries are evidence of the judgment. *Read* v. *Sutton*, 2 Cush. 123; *Leathers* v. *Cooley*, 49 Maine, 342; *Pruden* v. *Alden*, 23 Pick. 184; *Longley* v. *Vose*, 27 Maine, 179; *Central Bridge Corp.* v. *Lowell*, 15 Gray, 122; *Benedict* v. *Cutting*, 13 Met. 186; *Tillotson* v. *Warner*, 3 Gray, 577.

The notice was sufficient. *Miner* v. *Clark*, 15 Wend. 426; *Rogers* v. *Kneeland*, 13 Wend. 123; *Stone* v. *Hooker*, 9 Cowen, 154; *Hamilton* v. *Cutts*, 4 Mass. 352.

*D. D. Stewart*, for defendant.

In *Props. Brattle Square Church* v. *Bullard*, 2 Met. 366, the court say: "The plaintiffs are bound to prove that such a title has been established, by legal evidence. To do this, they must give in evidence the common proofs of title, or, a judgment to which the defendant was party or privy. It comes back therefore to the same question, whether this was such a judgment."

In *Hall* v. *Thayer*, 12 Met. 136, the court say: "The defendants promised and agreed to indemnify and save harmless the

said committee (the plaintiffs) in proportion to the number of shares for which they had respectively subscribed. Upon the contract no cause of action arose against the defendant, at least until an action was instituted and a judgment rendered thereon against the committee; and no substantial cause of action, that is, no right to recover the amount of such notes would exist, until those notes were actually paid."

Recovery of judgment and execution, without actual payment no breach of a contract to indemnify and save harmless. *Hussey* v. *Collins*, 30 Maine, 190; *Wicker* v. *Hoppock*, 6 Wall. 99.

The only part of that count which could possibly have any application to the case at bar is that "for money paid by the plaintiff for the use of said defendant at her request." Can such a count be maintained upon a written contract of indemnity? We submit that it cannot. No money paid by the party holding a written indemnity from a third person, can be considered as paid at the request of such third person. That is the very thing he does not want done; and the very thing he indemnifies the other for not doing. But if compelled to do it by an outstanding better title, then his indemnity comes in to protect him. The very word "indemnity" excludes *ex vi termini*, the idea of an implied promise on the part of the party indemnifying. And the party indemnifying cannot recover upon a count for money paid and rely upon an implied request, but must declare specially upon his written contract of indemnity. These questions are fully considered and so decided in *Brown* v. *Fales*, 139 Mass. 21; *Toussaint* v. *Martinnant*, 2 Term R. 101.

But for want of the proper papers and vouchers which the plaintiff in that action should have filed in court but never did, that court could not, and never did enter any judgment whatever in the suit of *John Dorr* v. *Luther Davis*, referred to in this rescript. *Rockland Water Co.* v. *Pillsbury*, 60 Maine. 425; *Leathers* v. *Cooley*, 49 Maine, 337.

"A record," said the court in *Sayles* v. *Briggs*, 4 Met. 423, "is a memorial or history of the judicial proceedings in a case commencing with the writ, or complaint, and terminating with

the judgment; and it must, therefore, be precise and clear, containing proof within itself of every important fact on which the judgment rests, and it cannot exist partly in writing and partly in parol. Its allegations and facts are not the subject of contradiction."

"The record," said SHEPLEY, C. J., in delivering the opinion of this court in *Holden* v. *Barrows*, 39 Maine, 136, "is not liable to be explained or contradicted by parol testimony, or by extraneous documents. And a copy of the record regularly authenticated, is the legal and best evidence of it." S. P. in *Central Bridge* v. *Lowell*, 15 Gray, 107.

Excluding, therefore, under the stipulations of this report all evidence offered not legally admissible, and the only proof of any alleged judgment against this plaintiff must be confined to the extended record. That not only fails to prove any judgment, but proves affirmatively that none was ever recovered. *Rockland Water Co.* v. *Pillsbury*, 60 Maine, 425, before cited; *Noyes* v. *Newmarch*, 1 Allen, 51.

There being no proof of any judgment against this plaintiff in favor of a third party having a better title than the defendant and neither allegation nor proof that such third party had in fact a better title, this action cannot be maintained under any form of declaration. *Foster* v. *Pierson*, 4 D. &. E. 617; *Hamilton* v. *Cutts*, 4 Mass. 349; *Props. of Brattle Square Church* v. *Bullard*, 2 Met. 363; *Hall* v. *Thayer*, 12 Met. 131; *Kelly* v. *Dutch Church*, 2 Hill, 105. And it deserves consideration whether the defendant does not clearly show affirmatively the better title in herself. *Somerville* v. *Hamilton*, 4 Wheat. 230; *Lathrop* v. *Grosvenor*, 10 Gray, 52.

FOSTER, J. This action, brought upon a contract of indemnity, comes to this court upon a full report of the evidence, with the stipulation that the court is authorized to draw such inferences therefrom as a jury might legally do.

It appears that the plaintiff, on January 24, 1871, gave his negotiable promissory note for two hundred and nine dollars, to Harrison Dorr, guardian of Rosetta Dorr, niece of the defend-

ant, payable on the first day of January, 1874. The defendant had obtained letters of guardianship in an adjoining county in which she resided, and with whom Rosetta was at that time living, and soon after the note became due represented to the plaintiff that she was the lawful guardian of Rosetta Dorr, and as such was legally authorized to collect said note. Whereupon the plaintiff paid the defendant the sum of two hundred and thirty-one dollars and twenty-one cents, the amount then estimated to be due upon the note. At the same time and in consideration thereof the defendant agreed in writing to fully indemnify and save the plaintiff harmless in consequence of his paying the note to her. Suit was afterwards commenced by the indorsee of the note; the case was tried and carried to the full court; finally judgment was rendered against this plaintiff for the amount of the note and interest thereon from date. *Dorr* v. *Davis*, 76 Maine, 301.

After judgement was rendered against him, this plaintiff paid the amount of it, together with costs of suit, to the plaintiff in that action, and now seeks to recover the sum thus paid, amounting to four hundred and seventy-nine dollars, from the defendant in this suit.

To entitle him to a recovery he must show that some other person has established a better title to the money upon that note than the defendant herself had, and that he has been compelled to pay it to such person. This he may do in one of two ways: (1) By ordinary proof of an outstanding better title in such third person, to which he yielded and paid; or (2), by a judgment against him by such third person, to which the defendant was party or privy, and which judgment he has been compelled to pay. *Hall* v. *Thayer*, 12 Met. 136.

The plaintiff does not base his claim upon the ordinary proof of an outstanding superior title in some third person to which he yielded and paid, but upon the recovery of a judgment against him, payment of the same, and for which the defendant was bound to indemnify and save him harmless.

The defendant was not a party to the action upon which that judgment was rendered. *Prima facie* she was not bound by

the judgment, and to make it evidence against her and in favor of himself the plaintiff must show that it was rendered against him in favor of the indorsee of the note, upon a transaction against which the defendant was bound to indemnify him. If such was the fact it would be legitimate and competent evidence; otherwise it would not. And evidence *aliunde* is admissible for such purpose. *Littleton* v. *Richardson*, 34 N. H. 189.

From an examination of the evidence it is apparent that the cause of action in the other suit was the identical note which this defendant had induced the plaintiff to pay over to her — the amount of which she acknowledges she received from the plaintiff at the time of agreeing to indemnify him in consequence of such payment. With this connecting parol evidence, together with the copy of the declaration and of the note in question, as well as with what appears from the other evidence in the case, the identity of the cause of action in that suit with the subject matter to which the indemnity relates is sufficiently established.

Was the judgment therein rendered against this plaintiff, conclusive against the defendant in this action? It was, provided she had due notice of the pendency of the action in which that judgment was rendered and had an opportunity to defend it. The rule seems to be established, that when a person is responsible over to another, either by operation of law or by express contract, and notice has been given him of the pendency of the suit, and he has been requested to take upon himself the defence of it, he is no longer regarded as a stranger to the judgment that may be recovered, because he has the right to appear and defend the action, equally as if he were a party to the record. When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not. *Veazie* v. *R. R. Co.* 49 Maine, 124; *Hardy* v. *Nelson*, 27 Maine, 530; *Boston* v. *Worthington*, 10 Gray, 498; *Littleton* v *Richardson*, 34 N. H. 187.

We are of the opinion, from the evidence before us, and with the inferences legitimately to be drawn from it, that the defendant had such notice of the pendency of the suit as renders the judgment recovered therein conclusive against her. She

employed and paid the counsel who tried the case. She went in company with the plaintiff twice to Dover to have the case tried —it being continued the first time because the other side was not ready. She was present at the trial, testified in the case, and paid all the expenses of this plaintiff and his witnesses. If the evidence reported is to be taken as true, she appears to have regarded the case as her own until the decision rendered from the law court. The facts shown are sufficient to render the judgment conclusive against her, although the plaintiff had not in terms requested her to take upon herself the defence of that action. "This was not necessary," say the court in *Boston* v. *Worthington, supra*, "to render the judgment conclusive against them as to the facts thereby established." And this principle is established by the great weight of authority, that where one stands in the position of indemnitor to another who is liable over to a third party, his liability may be fixed and determined in the action brought against such third party, by notice of the pendency of such action and an opportunity offered him to defend it. *Aberdeen* v. *Blackmar*, 6 Hill, 324; *City of Chicago* v. *Robbins*, 2 Black, (U. S.) 423. In such case the authorities hold that notice in writing, or even express notice, is unnecessary but that notice may be implied from his knowledge of the pendency of the action, and a participation in its defence. *City of Chicago* v. *Robbins, supra*; *Robbins* v. *The City of Chicago*, 4 Wall. 657; *Port Jervis* v. *Bank*, 96 N. Y. 557; *Barney* v. *Dewey*, 13 Johns. 226; *Beers* v. *Pinney*, 12 Wend. 309; *Warner* v. *McGary*, 4 Vt. 508; *Boston* v. *Worthington, supra*; *Chamberlain* v. *Preble*, 11 Allen, 374; *Veazie* v. *R. R. Co.* 49 Maine, 119-20. "It cannot be material to the person agreeing to indemnify, that he should have a formal notice served upon him. The law requires that he should have notice before the judgment can be used against him, because he is the real party in interest. But any notice which will enable him to present any defence which he may have either in law or on fact, is all that can be useful to him, and the law requires no vain or useless ceremonies in such cases." *Holbrook* v. *Holbrook*, 15 Maine, 12. In such case the judgment binds the party whose duty it

is to indemnify, and becomes legitimate evidence in favor of the plaintiff and against the defendant. *Train* v. *Gold*, 5 Pick. 379 ; *Kip* v. *Brigham*, 6 Johns. 159 ; *Ryerson* v. *Chapman*, 66 Maine, 563.

But the defendant contends that there is no sufficient legal evidence introduced of any judgment such as the plaintiff has alleged in the several counts of his writ—that there is a fatal variance between the allegations and the proof—and consequently the plaintiff is not entitled to recover.

At the time the order for judgment was sent down from the law court an entry was made upon the docket of the county where the action was pending, for hearing in costs by the defendant. No vouchers have ever been filed by the plaintiff in that action, and no hearing had by the defendant therein in relation to costs. Consequently no extended record of the judgment has ever been made, as appears from the testimony of the clerk. True, a record was commenced, but it was never completed. That portion of the record which the clerk had commenced, a copy of which was introduced, shows affirmatively that it is incomplete, never having been made up and attested by the clerk. When the record is once made up, however, it becomes conclusive upon all parties until altered or set aside by a court of competent jurisdiction, and the statements contained in it must be regarded as importing absolute verity, and not subject to explanation or contradiction by any evidence outside of such record. But until the record is in fact fully extended, it is well settled that the docket is the record, and the entries therein are the only proper evidence of the judgment. *Willard* v. *Whitney* 49 Maine, 238 ; *Leathers* v. *Cooley*, *id.* 342.

The fact that there may be no fully extended record does not affect the judgment. That is the principal thing—the record is only evidence of it. Here the certified copies of the docket entries were introduced, and they show that judgment was rendered against this plaintiff for the sum of two hundred and nine dollars, with interest from January 24, 1871—the full amount of the note—"as per certificate from clerk of law court received and filed June 10, 1884." By R. S., c. 77, § 45, it

became the duty of the clerk to "enter judgment as of the preceding term," and the judgment when entered up should have been as of the February term preceding. "But for most purposes," remarks BARROWS, J., in *Huntress* v. *Hurd*, 72 Maine, 454, "the order of the law court to the clerk of the Supreme Judicial Court to enter up judgment, or directing such a disposition of all pending questions as leaves nothing to be done but to make up the judgment, must be deemed a judgment. For all purposes when it is necessary in order to sustain legal and equitable rights, the court so regards it."

Were this an action of debt brought upon the judgment itself it would necessarily be against the party defendant therein named and the plaintiff might therefore, meet with serious difficulty in the introduction of a judgment in evidence, in support of his allegations, differing so widely as to the time of its rendition from the time alleged in the first three counts of the plaintiff's writ, viz. : June 9, 1884.

But the basis of the plaintiff's claim is assumpsit and not debt —it is founded on a promise of indemnity and not on a contract of record. His claim is to recover in assumpsit for the money which he has been compelled to pay by force of that judgment. In addition to the special counts in his writ he has declared upon the general count for money paid,—and we think he is entitled to maintain this action under that count. The judgment therefore becomes admissible and competent evidence between these parties. *Hardy* v. *Nelson*, 27 Maine, 530 ; *Holbrook* v. *Holbrook*, 15 Maine, 11.

Nor do we think that the objection of the defendant is tenable, that there being a written contract of indemnity the plaintiff must declare specially upon such contract, and will not be allowed to introduce proof in support of his claim under the general count for money paid. The objection is one of form and does not touch the real merits of the case. Still if it rests on sound legal principles it is the duty of the court to give effect to it. It is undoubtedly the general rule of law, that where the parties have made an express contract the law will not imply one. But this rule is not inflexible, and like most general rules is subject

to exceptions.  Thus it has been held that when the special contract is not under seal the plaintiff has his option, under some circumstances, either to declare on the implied promise, or to set out the special contract in his declaration.  *Tousey* v. *Preston*, 1 Conn. 175.  An action for money had and received will lie on a promissory note, or bill of exchange; and yet they are express contracts.  *Pitkin* v. *Frink*, 8 Met. 12; *Henschel* v. *Mahler*, 3 Denio, 428.

It is also a reasonable and well recognized principle of law settled by numerous decided cases, that where there is an express contract of indemnity, and by its terms it contains nothing more than the law would imply, it is optional with the plaintiff to declare in general *indebitatus assumpsit* for money paid, or upon the special contract.

This question arose in *Gibbs* v. *Bryant*, 1 Pick. 118, where a written promise of indemnity had been given to the plaintiff by the defendant, and upon objection by the defendant that there was a special agreement which ought to have been declared on, the court say: "This objection cannot avail the defendant, because the written contract produced contained nothing more than what the law would imply.  The right of action rests upon the payment of money for the use of the defendant.  The law raises a promise, and the plaintiff may make use of his written contract or not, as he pleases.  If there is anything in the written promise to contradict the implication of law, the defendant may show it."

Precisely the same doctrine was laid down in *Sanborn* v. *Emerson*, 12 N. H. 58, where the declaration contained a general count for money paid, laid out and expended for the use of the defendant.  There the plaintiff had receipted for the property of the defendant, attached in sundry suits commenced against him, and had the actual custody of it, and at the request of the defendant the plaintiff delivered the property to him, the defendant expressly agreeing that the plaintiff should be indemnified and saved harmless on account of the obligation resting upon him in consequence of his having receipted the property attached.  Judgments were afterwards recovered in the several

suits, and the plaintiff being unable to surrender the property was compelled to pay the amount of the several judgments. The court there say that the case comes "directly within the principle of the decision in *Gibbs* v. *Bryant*,—the special contract, as it appears, containing nothing more than the law would imply. On this branch of the case, then, we hold that the action is well maintained, notwithstanding the existence of the special contract of indemnity and the omission to set it out in the declaration ; and the objection that the action should have been brought on the express contract, is therefore overruled." The following cases sustain the same principle. *Colburn* v. *Pomeroy*, 44 N. H. 23 ; *Rushworth* v. *Moore*, 36 N. H. 195 ; *White* v. *Leroux*, 1 M. & M. 347 (22 E. C. L. 331) ; *Williamson* v. *Henley*, 6 Bing. 299, (19 E. C. L. 89) ; *Pownal* v. *Ferrand*, 6 B. & C. 439, (13 E. C. L. 232-3) ; *Keyes* v. *Stone*, 5 Mass. 394.

The relation of the present parties in reference to the note upon which the indemnity was given, was such as would in law raise an implied duty or obligation of indemnity as strong as where a receiptor upon request, had delivered up property to the owner against whom suits had been commenced. The defendant in the one case had no right to the property—in the other, no right to the money or note, and the contract of indemnity in both cases contained no more than the law would imply.

The plaintiff alleges that he has paid so much money for the use of the defendant. To sustain this allegation it is necessary for him to show that the money was paid at the defendant's request, either express or implied. "The request to pay, and the payment according to it, constitute the debt, and whether the request be direct, as where the party is expressly desired by the defendant to pay, or indirect where he is placed by him under a liability to pay, and does pay, makes no difference. . . . In every case, therefore, in which there has been a payment of money by the plaintiff to a third party; at the request of the defendant, express or implied, on a promise, express or implied, to repay the amount, this form of action is maintainable."

*Brittain* v. *Lloyd*, 14 Mees. & Wels. 773. And the doctrine of the courts is, that when the plaintiff shows that he, either by compulsion of law, or to relieve himself from liability, has paid money which the defendant ought to have paid, this count will be sustained. 2 Gr. Ev. § 114. *Nichols* v. *Bucknam*, 117 Mass. 491. In such case, said Lord TENTERDEN, C. J. : "I am of the opinion that he is entitled to recover upon the general principle, that one man, who is compelled to pay money which another is bound by law to pay, is entitled to be reimbursed by the latter, and I think that money paid under such circumstances may be considered as money paid to the use of the person who is so bound to pay it." *Pownal* v. *Ferrand*, 6 B. & C. 439 (13 E. C. L. 231).

The only remaining question relates to the measure of damages under the particular facts and circumstances of this case. What is the defendant's liability under this branch of the case? She was notified of the pendency of the action against this plaintiff in which the title to the note in question and the validity of payment to her were put in issue. She appeared and participated in the defence, and has paid the counsel fees. It was her duty thus to appear and if possible save this plaintiff harmless on account of his paying, upon her representations, the note to her when in fact she had neither the legal title to it, nor the lawful right to the money upon it. Judgment being rendered against this plaintiff, the defendant was called upon and requested by him to settle the same, and this she refused to do. After such refusal the plaintiff was not obliged to wait until his property was seized on execution issued upon that judgment before being authorized in law to pay the same.

The amount he paid to relieve himself from the judgment against him, as appears by the evidence, was no more than the judgment rendered and costs legally taxable against him in that suit and incident to that judgment. This the plaintiff has paid in good faith. He is entitled to recover it as the measure of his damages. *Coolidge* v. *Brigham*, 5 Met. 72 ; *B. & A. R. R. Co.* v. *Richardson*, 135 Mass. 477 ; *Ryerson* v. *Chapman*,

66 Maine, 562; *Kingsbury* v. *Smith*, 13 N. H. 125; *Veazie* v. *Penob. R. R. Co.* 49 Maine, 127.

*Judgment for plaintiff for $479.00 and interest thereon from the date of writ.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.