PEMBROKE S. MARSH *vs.* OTIS HAYFORD.

Franklin. Opinion January 27, 1888.

*Promissory notes. Action for money paid.*

The owner of a promissory note, payable to the order of another and not indorsed by him, cannot maintain an action at law upon the same against the maker in his own name. If such owner of the note sell and deliver the same, and guarantee the payment of it, without the request, assent or knowledge of the maker, and be compelled to pay his guaranty, he cannot maintain an action for money paid to the maker's use against him.

ON exceptions.

The opinion states the case.

*E. R. Luce,* for plaintiff.

That a note payable to order may be transferred for a valuable consideration, before indorsement, is well settled. 15 Maine, 399.

The principle that one cannot voluntarily pay the debt of another and make him his debtor does not apply. The guarantor in this case should be considered in the sense of a surety. The principles discussed in 59 Maine, 308, will apply.

While we could not maintain an action on the note, it having been barred while in the hands of the court, he can recover for money paid, the cause of action having accrued at the time the money was paid. 59 Maine, 308.

*John P. Swasey,* for the defendant, cited: *Bray* v. *Marsh,* 75 Maine, 452; *Springer* v. *Hutchinson,* 19 Maine, 359; *Irish* v. *Cutter,* 31 Maine, 536.

HASKELL, J. Assumpsit for money paid by the plaintiff at the defendant's request, and for money had and received by the defendant to the plaintiff's use. Plea, the general issue and the statute of limitations.

The plaintiff, being the owner of the defendant's promissory

note payable to the order of another and not indorsed by him, sold and delivered the note to one Bray, and guaranteed the payment of it without the request, assent or knowledge of the defendant, and was compelled to pay, by judgment at law upon his contract of guaranty, the amount of the note after the same was barred by the statute of limitations, but within six years of the date of his writ. See *Bray* v. *Marsh*, 75 Maine, 452.

An action at law upon the note could only be maintained in the name of the payee or his personal representative. *Brown* v. *Nourse*, 55 Maine, 230. So that the plaintiff cannot recover upon the note, even though his action upon it be not barred by the statute of limitations.

The plaintiff's sale and guaranty of the note was a separate and independent contract of his own. *Seavey* v. *Coffin*, 64 Maine, 224. It could not affect the defendant who was neither party nor privy to it.

The defendant's liability upon the note was barred six years after the same fell due. The plaintiff might have seasonably paid his guaranty and have caused a suit to be brought upon the note before it became barred by the statute. This he did not do, and from his want of vigilance he must suffer.

This is not the case of a surety whose liability was incurred for the defendant's benefit and at his request, nor of an indorser who was authorized to incur liability for the maker by the terms of the note. *Woodward* v. *Ware*, 37 Maine, 563 ; *Godfrey* v. *Rice*, 59 Maine, 308. It is an independent collateral contract apart from the note, and has no more relation to it than it would have had if the same had not been negotiated, and should not charge the defendant with a liability that he did not authorize the plaintiff to assume in his behalf.

One can charge another only for money paid to the latter's use at his request, express or implied ; and a request is implied when the payment is compelled by the violation of some promise or duty of the latter to the former. *Davis* v. *Smith*, 79 Maine, 351. The plaintiff was not compelled to pay this note ; he was compelled to pay his voluntary promise to pay it, given without request or authority from the defendant.

If this plaintiff can recover, any man who may guarantee or insure the payment of a stranger's debt may enlarge the statute bar from six to twelve years without the latter's consent, and in violation of the terms of his contract. No case has been cited to authorize such doctrine.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.